BACON *against* PAGE :

IN ERROR.

Where no
time of
payment is
specified in
a promisso-
ry note, the
plaintiff
must de-
clare upon
it, accord-
ing to its
legal effect,
as payable
on demand;
otherwise
the declar-
ation will
be insuffi-
cient.

THIS was an action against *Bacon* on a promissory note. The declaration stated, "That the defendant, in and by a certain writing or note under his hand, by him well executed, dated the 7th day of *June* 1813, promised the plaintiff to pay to him, or order, for value received, the sum of two hundred ninety dollars and seventy cents, as by the said writing or note ready in court to be shewn appears;" and concluded by averring, "That the defendant, his promise aforesaid not regarding, hath never performed the same, though often requested and demanded; which is to the damage of the plaintiff," &c. The note was as follows: "For value received, I promise to pay *Thomas G. Page*, or order, the sum of two hundred ninety dollars and seventy cents. *Petersburgh, June* 7th, 1813. *Joseph Bacon.*" In the superior court, the defendant made default of appearance, but was afterwards heard in damages. The court assessed the damages, and rendered judgment for the plaintiff. The defendant then brought the present writ of error, assigning for error, that the declaration was insufficient.

*E. Huntington* and *Sherman,* for the plaintiff in error, contended that the declaration was ill, because it does not declare upon the note according to its legal effect. Where no time of payment is specified in a note, the conclusion of law is, that it is payable on demand; but that conclusion must be stated; for it is a *fact* inferred from another fact. The jury will see, when this note is presented to them, that it is evidence of a promise to pay on demand; and the court will direct them to find accordingly; but if such evidence, and that only be stated in the declaration, the court cannot make the inference. So, an acknowledgment of indebtedness is evidence of a promise to pay; from such acknowledgment the jury will be directed to find a promise; but must not the promise be stated in the declaration? If the acknowledgment were found in a special verdict, could the court infer a promise? If a general verdict should find a promise where none was alleged in the declaration, would not judgment be arrested? *Bronson* v. *Bronson,* 2 *Root* 73. [*Smith,* J. Can the plaintiff claim that this money was

payable immediately, without an allegation to that effect?] He cannot. There is nothing in this declaration inconsistent with pooof by the defendant of a promise to pay at a future day. In short, the plaintiff has not shewn that the note was due when he commenced his action.

This declaration stands upon the same footing after judgment by default as though it had been upon demurrer. 1 *Wms. Saund.* 228. n. (1).

*Staples,* for the defendant in error, insisted that it is sufficient in *assumpsit* to set forth the contract, *either* in the words in which it was made, *or* according to its legal effect; and cited 1 *Chitt. Plead.* 299. *Dole* v. *Weeks,* 4 *Mass. Rep.* 451. *Herrick* v. *Bennett,* 8 *Johns. Rep.* 374. This declaration is not like that in *Bronson* v. *Bronson,* which stated only the *evidence* of a promise. Here the promise itself is stated. There is also a negation of performance co-extensive with the promise, which shews a right of action.

SWIFT, Ch. J. The plaintiff should declare on a contract according to its legal effect, and not on the evidence of the contract. The declaration should shew a consideration, a promise, and a breach of promise. In this case, it does not appear from the declaration that the note had become payable. The defendant might have produced a written agreement that it should be paid at some distant time. The legal effect of such note is, that it is payable on demand. The plaintiff should have so declared upon it; and then the note, when produced in evidence, would have proved the fact, unless the defendant could have proved the contrary; and on such averment the question when the note was payable, would have been put in issue. But now no allegation having been made of the time when the note was payable, no evidence could have been admitted on that point. The plaintiff then has declared not according to the legal effect of his contract, but on the evidence only. He has stated no breach of contract. The declaration, therefore, is insufficient.

Such a defect is not aided by default, nor would it have been by verdict.

I am of opinion that the judgment ought to be reversed.

In this opinion the other Judges severally concurred.

Judgment reversed.