SHERMAN *against* GOBLE and another :
### IN ERROR.

In an action on a promissory note, the plaintiff may declare in the words of the contract, or according to its legal effect.

Where the plaintiff, in an action on a promissory note, declared, that the defendant promised the plaintiff to pay *to his order* a certain sum, which promise he had neglected to perform ; and the declaration was demurred to ; it was held, that the plaintiff was entitled to have such averment considered as descriptive of the terms of the contract ; and the legal construction of such a contract being a promise to pay to the party himself, the declaration was sufficient.

This was an action on a promissory note. The plaintiffs declared, that the defendant, in and by a certain writing or note, under his hand, by him well executed, dated the 29th day of *October,* 1818, promised the plaintiffs to pay to their order, nine months from date, for value received, the sum of 769 dollars and 12 cents ; but that the defendant, his promise aforesaid not regarding, had never performed the same. There was a demurrer to the declaration ; on which judgment was rendered for the plaintiffs. To reverse that judgment, the present writ of error was brought.

*Backus* and *Sherman,* for the plaintiff in error, contended, That in an action on contract, the contract must be declared on, either according to the form of it, or according to its legal effect ; (1 *Chitt. Plead.* 299. 302.) but that, in this case, neither alternative of the rule had been complied with. To have declared according to the form of the contract, the pleader should have stated that the note was made payable to the order of the plaintiffs, and that they ordered the contents to be paid to themselves. If the legal effect of a note payable to the order of the plaintiffs, be, that it is payable to them, and the pleader chose to declare upon it according to its legal effect, he should have stated it as a note payable to them. The vice of the declaration is, that it recites the evidence of the contract, instead of setting forth the contract itself, in either of the modes prescribed by law. *Brunson* v. *Brunson,* 2 *Root* 73. *Bacon* v. *Page,* 1 *Conn. Rep.* 404.

*N. Smith* and *Bissell,* for the defendants in error, insisted, That the note, in this declaration, was properly set forth according to its legal effect. They cited 1 *Chitt. Plead.* 299. *Chitt. Bills* 369. 370. (*Story's* ed.) *Smith* v. *M'Clure,* 5 *East*

476. *Dole* v. *Weeks*, 4 *Mass. Rep.* 451. *Herrick* v. *Bennett*, 8 *Johns. Rep.* 374. *Gilbert* & al. v. *The Nantucket Bank*, 5 *Mass. Rep.* 97.

HOSMER, Ch. J. In every action on promissory note, the plaintiff may declare in the words of the contract, or according to its legal effect. 1 *Chitt. Plead.* 299. On an inspection of the declaration only, it is impossible to say, which of these modes the pleader has elected. By praying oyer of the note and demurring, it was in the power of the defendant to have ascertained the fact, if he thought it material. The plaintiff, in support of his declaration, is entitled to have it considered, as descriptive of the terms of the contract ; and to this point, the determination in *Herrick* v. *Bennett*, 8 *Johns. Rep.* 374. is express. In *Bacon* v. *Page*, 1 *Conn. Rep.* 404. the court merely decided, that the note declared upon did not appear to have become due ; but the question whether the declaration was on the terms of the contract, or according to its legal effect, did not occur.

The case before us is of no imaginable difficulty. "A bill payable to a man's own order," said Lord *Ellenborough*, in *Smith* v. *M'Clure*, 5 *East*, 476. "is payable to himself, if he did not order it paid to any other ;" and without the aid of this respectable authority, I should not have hesitated in believing this to be the legal construction of the contract. In the phraseology adopted among merchants, promissory notes, understood to be precisely of the same meaning, are indifferently drawn, payable to *A. B.* or order, or to the order of *A. B.*

CHAPMAN, BRAINARD and BRISTOL, Js. were of the same opinion.

PETERS, J. not having been present, when the the case was argued, gave no opinion.

Judgment affirmed.