*Fairfield,*
*June, 1835.*

Raymond
*v.*
Sellick.

RAYMOND *against* SELLICK and others, administrators of *Jacob Sellick.*

Where the defendant offered evidence to prove, that the plaintiff had commenced an action of debt on book, which the defendant had settled and paid a certain sum of money for the debt and costs; and the plaintiff objected to the admission of this evidence, on the ground that she had previously given the defendant a copy of her account, which ought to have been shewn as the better evidence of the demand; it was held, that the evidence offered was admissible, without the production of such copy; the object being, not to prove the contents of the copy, but facts which arose subsequent to its delivery, *viz.* the commencement of a suit, the settlement of the claim, and the amount paid.

A promissory note, though expressed to be " for value received," if given without consideration, will not support an action in favour of the payee.

An expectation on the part of the payee, that the maker would marry her, is not a sufficient consideration.

To constitute a valid *donatio mortis causa,* it must be made by the donor, in the apprehension of approaching death, to take effect only in that event, and must be delivered to the donee.

Where a promissory note for a certain sum of money, was made by *A,* in his last sickness, payable to *B,* on demand, and delivered to *B,* as a gift; it was held, in a suit on such note by *B,* against the administrators of *A,* that it could not be sustained as a *donatio mortis causa.*

THIS was an action on a promissory note of the following tenor :

" *New Canaan, November* 8th, 1833.

For value received, I promise to pay unto *Esther Raymond* the sum of four hundred dollars, with interest till paid; as witness my hand, [signed]             *Jacob Sellick.*"

The cause was tried at *Fairfield, April* term, 1835, before *Waite,* J.

To prove the exhibition of the note to the defendants, the plaintiff introduced a witness, who testified, that he delivered to the defendants a copy of the note, and at the same time, a copy of the plaintiff's book account against the estate of *Jacob Sellick* for her services; she having lived with him, at the time of his decease, and for several weeks prior thereto, as his hired servant. The defendants then offered the plaintiff's attorney, to testify, that after a suit had been commenced upon said book account, the defendants settled it, and paid him, as her attorney, the sum of 158 dollars, for the debt and costs. The plaintiff objected to this testimony, on the ground that she had given the defendants a copy of that account, and that

*Fairfield,*
June, 1835.

Raymond
*v.*
Sellick.

it ought to be shown as the better evidence of the demand in said action, before the testimony of this witness should be received. The court overruled the objection, and admitted the witness, who testified accordingly.

The defendants claimed, that the note in suit was given without consideration; and to establish this fact, they offered the testimony of Mrs. *Hoyt,* who testified, that on *Monday,* three days after the date of the note, the plaintiff told the witness, that *Jacob Sellick* had given her, (the plaintiff,) a note for 400 dollars; that he, at the same time, asked her if that was enough, and she replied, " just what you please to give me ;" that the plaintiff also said to the witness, that she wished her to say nothing about it; for if *Sellick* lived, it would be nothing—or nothing would be done about it; and that this was all the plaintiff said about the note. On a subsequent cross examination, the same witness testified, that the plaintiff, after she had made the foregoing statement, observed, that if *Sellick* lived, she expected to have him. It was admitted, that on the day of the date of the note, *Sellick* was sick of a fever ; and that he died on the *Wednesday* following. On this evidence, the plaintiff insisted, that although the note was given for no consideration, yet it was good as a *donatio mortis causa ;* and prayed the court so to instruct the jury. But the court charged the jury, that the note could not be sustained, on this testimony, as a *donatio mortis causa.*

The plaintiff also claimed, that upon the testimony of Mrs. *Hoyt,* the jury ought to find a consideration of the note, on the ground that the plaintiff expected to marry *Sellick,* if he lived, and that, by reason of his death, she might lose her marriage ; as it might be presumed, that if he had engaged to marry her, she might have rejected other suitors. The court was of opinion, and so instructed the jury, that the plaintiff's expectation of marrying *Sellick,* was not a sufficient ground on which a consideration could be inferred.

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial.

*Betts* and *Hawley,* in support of the motion, contended, 1. That the testimony offered by the defendants, to prove a settlement of the plaintiff's book account, was inadmissible. In the first place, it was irrelevant. Secondly, better evi-

*Fairfield,*
*June, 1835.*

*Raymond*
*v.*
*Sellick.*

dence of the claim settled existed in writing, in the defendants' possession.  1 *Phill. Ev.* 167.  *Richards* v. *Stewart,* 2 *Day* 328.  *Bul. N. P.* 293.  1 *Stark. Ev.* 102, 3. 389 *to* 396· *Cunningham* v. *Tracy,* 1 *Conn. Rep.* 25.  *Mather* & al. v. *Goddard,* 7 *Conn. Rep.* 304.  *The State* v. *De Wolf,* 8 *Conn. Rep.* 93.

2. That the promise of marriage, in this case, was a sufficient consideration for the note, as in the event of *Jacob Sellick's* death, on which alone the note was to belong to the plaintiff, she would lose the advancement.  *Andrews* & al. v. *Andrews,* 8 *Conn. Rep.* 79.  A promise to pay, on a consideration executed or executory, induced by the request of the promiser, is sufficient to sustain an action of *assumpsit.*  1 *Saund.* 264. n. 1.  1 *Chitt. Plead.* 296, 7.  16 *Johns. Rep.* 283. n.(*a.*)

3. That the note is valid as a *donatio mortis causa.*  It is not in strictness a legacy, but in the *nature* of one; operating as a declaration of trust upon the executor.  2 *Mad. Chan.* 4.  *Lawson* v. *Lawson,* 1 *P. Wms.* 441.  *Wells,* admr. v. *Tucker* & ux.  3 *Binn.* 366. 370.  *Wright* v. *Wright* & al. 1 *Cowen,* 598.

*Sherman* and *Swift,* contra, insisted, 1. That the testimony offered by the defendants, was unexceptionable.  The object of it was, not to prove or disprove the items of a book account, but to show the payment of a sum of money to the plaintiff.  This fact rested entirely *in parol.*  The writing, if produced, would furnish no light on the subject.

2. That the note was invalid for want of consideration. *Hill,* admr. v. *Buckminster,* admr.  5 *Pick.* 391.  *Barnum* v. *Barnum,* 9 *Conn. Rep.* 242. 251.

In the first place, there is no evidence of a *promise to marry,* on the part of *Sellick.*  All that appears is, a declaration of the plaintiff, that she *expected* to have him.

Secondly, if *Sellick* were under a moral obligation to pay this money, this alone would not be a sufficient consideration. *Smith* v. *Ware,* 13 *Johns. Rep.* 257. 259.  *Edwards* & ux. v. *Davis,* 16 *Johns. Rep,* 281.  *Mills* v. *Wyman,* 3 *Pick.* 207.  *Cook* v. *Bradley,* 7 *Conn. Rep.* 57.

Thirdly, *Sellick* was under no obligation whatever, legal or moral, to pay this money.  If he owed her on book, it had no connexion with the note.  She had her appropriate remedy, and has availed herself of it.

**3.** That the note is not good as a *donatio mortis causa.* *Ward* v. *Turner,* 2 *Ves.* 439. & seq.    *Miller* v. *Miller,* 3 *P. Wms.* 357.   *Duffield* v. *Elwes,* 1 *Sim.* & *Siu.* 239.   (1 *Con. Eng. Chan. Rep.* 120.)   This is a mere promise to pay money *as a gift;* which is not a ground of action.   *Pearson* v. *Pearson,* 7 *Johns. Rep.* 26.

WAITE, J.    1. In this case, the defendants offered a witness to testify, that after a suit had been commenced, by the plaintiff, upon the book account for services rendered the deceased, the defendants had settled the same, and paid her the sum of one hundred and fifty-eight dollars, for the debt and costs. To the admission of this evidence the plaintiff objected, on the ground that she had previously given the defendants a copy of her account, which ought to have been shown as the better evidence of the demand.   The court overruled the objection, and admitted the evidence.   Was it necessary to produce that copy before the evidence offered could be admitted ?   It is difficult to conceive how the delivery of that copy could operate to prevent the defendants shewing what the account was. The copy was probably delivered for the purpose of giving the defendants notice of the claim ; and there is no pretence that it was ever constituted, by the parties, a document to be kept as evidence of the items of the demand.   It might, indeed, have been introduced as evidence, by the defendants ; but they were under no obligation to rely upon it.   The preservation of it, might well have been deemed by them of no importance ; and it might have been lost or destroyed, in such manner, that no legal evidence could have been furnished of its loss or destruction.

Besides, the object of the testimony offered was not to prove the contents of the copy, but facts which arose subsequent to its delivery, namely, the commencement of a suit, the settlement of the claim, and the amount paid.   Had the copy been produced, it would have furnished no evidence of these facts.

2.    Was the expectation that the maker of the note would marry the plaintiff, a sufficient consideration for the promise ? There is no claim that the note was given as a recompence for the violation of any engagement.   The agreement to marry, if made, was a subsisting engagement, at the time of the execution of the note.   Will it do to say, that a promise of mar-

*Fairfield.*
June, 1835.

Raymond
*v.*
Sellick.

riage, will be a sufficient consideration to support any contract afterwards made between the parties, although no allusion to the promise is made in the contract? No authority can be found to sustain such a proposition.

It is a well settled principle of law, that the fulfilment of a contract, made without consideration and not under seal, cannot be enforced in a court of justice. In the case of bills of exchange and promissory notes, the expression *for value received*, raises a presumption of a legal consideration; but it is a presumption liable to be rebutted, by proof.

Affection, friendship, and gratitude have been holden insufficient considerations to support promissory notes. *Holliday* v. *Atkinson* & al. 5 *Barn.* & *Cres.* 501. (11 *Serg.* & *Lowb.* 286.)

In the case of *Cook* v. *Bradley*, 7 *Conn. Rep.* 57. this court held, that where a son of sufficient ability, had promised in writing, to pay for necessaries previously furnished the father, upon the credit of the father, who was poor and in need of relief, the contract of the son was void for want of a sufficient consideration; and that no action could be supported upon it.

3. But the principal question is, whether the note, if made without consideration, may be considered as a species of gift, denominated a *donatio mortis causa*. That species of donation is derived wholly from the civil law, and is where a person, in his last sickness, apprehending his dissolution near, delivers to another personal property, under which have been included bonds payable to the donor, and bank bills, to keep in case of the donor's death. Three requisites are necessary to constitute a gift of this sort. 1. It must be made by the donor, in contemplation of the conceived approach of death. 2. It must be given to take effect only in case the donor dies. 3. And there must be a delivery of the subject of the donation. It is essential that the condition of its not passing while the donor lives, be included, otherwise it will be a donation of another kind, namely, a *donatio inter vivos*.

It differs from the latter in several respects, in which it resembles a legacy. It is ambulatory, incomplete, and revocable during the donor's life. The revocation may be effected, either by the recovery of the donor from his disorder, or by taking back the possession of the property. It can be made to the wife of the donor. On the other hand, it differs from a legacy,

*Fairfield,*
June, 1835.

Raymond
*v.*
Sellick.

in several particulars. The claim need not be proved in a court of probate. The title of the donee becomes, by relation, complete and absolute from the time of the delivery. No consent or other act, on the part of the executor or administrator, is necessary to perfect the title of the donee. It is a claim against the executor; a legacy is a claim from the executor.

It is said, the *English* law and equity reports are silent upon the subject of these donations until the case of *Jones* v. *Selby* in 1710; and that the commencement of the cases upon this head seems to have been the effect of that part of the *English* statute of frauds, which relates to nuncupative wills, and a struggle to support, in courts of equity, claims, which, but for that statute, would have been brought forward in the spiritual courts.

The law in relation to these donations, has, however, been introduced into, and made a part of the common law; and so far as it has been recognized, is to be enforced. But gifts in any form, are justly not in favour with the law, being necessarily vague, and so much open to fraud; and therefore, new principles are not to be adopted to sustain them.

To apply these principles to the case under consideration; does the note in question possess those requisites necessary to constitute a *donotio mortis causa ?* It was, indeed, executed by the maker, in his last sickness, which seems to be the only requisite of such a gift that belongs to it. No time is specified in the note for its payment. The legal effect, therefore, is, that it is payable on demand, and must be so declared upon. *Bacon* v. *Page,* 1 *Conn. Rep.* 404. No condition is annexed to the payment; and no reference is made in it, to the death of the maker. It contains no evidence that it was given to take effect only in the event of his decease. If it could operate as a gift, it would seem to come rather within the description of a *donatio inter vivos.* But in truth, there was no gift. The note was merely a promise to pay. Had the money been actually given, the law would have left it in the donee's possession, but cannot compel the execution of a parol promise to give. If the maker had lived, it is not claimed, that the payment of the note, if made without consideration, could be enforced against him; and yet the legal effect is, that the note was payable by him on demand. It would be strange that such a promise should be void as against him, and yet obligatory upon

*Fairfield,*
*June, 1835.*

Raymond
*v.*
Sellick.

his administrators.    As the law will not compel him to give, so it will not compel them.

The plaintiff principally relies upon the authority of the case of *Wright* v. *Wright* & al. 1 *Cowen* 598.    That case seems not to have been very fully considered, and is directly opposed to the decision of the court of *King's Bench*, in the case of *Holliday* v. *Atkinson* & al. and contrary to the whole current of *English* authorities upon this subject.

The introduction into our law of the doctrine contended for by the plaintiff, might be attended with serious consequences. If notes executed by a man in his last sickness, and without consideration, were binding upon his estate, a new method would be devised of disposing of estates, without the trouble and formalities of wills.    These notes might be executed in private, and without the aid or presence of witnesses.    The individuals surrounding the bed of a feeble and dying man, might, by their importunities, prevent the execution of such notes, and sweep from his heirs, not a specific chattel, bond, or bill, but his whole estate, real and personal.    His lands, as well as his personal estate, might be sold for the payment of such notes ; and thus the wholesome provisions of the law relating to devises, might be effectually evaded.

The motion for a new trial must, therefore, be denied.

In this opinion the other Judges concurred.

New trial not to be granted.