## CUTTING *v.* GILMAN.

Delivery is essential to perfect a gift *causa mortis.* The donor must not only give, but he must deliver; and that delivery must be actual, where the subject matter of the gift is capable of actual transfer. It must be an actual delivery of the thing itself, or the means of getting possession and enjoyment of the thing; and this delivery must be at the time of the gift.

It is not the possession of the donee, but the delivery to him by the donor, that is material. An after-acquired possession, or a previous and continuing possession of the donee, though by authority of the donor, is insufficient.

THIS was an action of trover for a gold watch, chain and seal, alleged in the first count to have been the property of Stephen B. Gilman, deceased, in his life time, of whose estate the plaintiff, Elon Cutting, is administrator, and in a second count to be the property of said administrator.

The plaintiff's evidence tended to prove that the watch, chain and seal were the property of the deceased at his decease ; that the defendant, Jemima P. Gilman, had them in her possession, and refused to deliver them to the plaintiff, on his demand for them. The defendant claimed to be the owner of the property, by virtue of a gift alleged to be made to her by the deceased, a few hours before his decease. Her evidence tended to prove that, when the deceased was taken sick, a week or more before his death, he wore the watch, chain and seal, about his person. When his clothes were taken off, the watch was taken by his father, and hung up on a nail in the sitting-room, adjoining his bed-room, where it continued to hang until after his decease. Not long after the deceased took his bed, he told the defendant, his only sister, that he wished her to take care of his watch, and keep it wound up, and told her to get the key from his vest pocket, and she did so. The defendant accordingly wound up the watch, from day to day, but allowed it to hang where her father had placed it.

Benjamin Gilman, the father of the deceased and of the defendant, testified that his son had made his home at his house, and his sister had done his washing and had the care of his clothes for most of the time for two years before his death ; that on the morning of his son's death, his daughter came into the bed-room where he was with his son, and told her brother she felt as if she wanted something to remember him by, and should like his watch, and he told her she might have it. The watch was then hanging in the sitting-room, where it had hung since the commencement of his illness, and it so remained till after his decease. The defendant herself, and her brother, testified substantially to the same facts.

The court held that, in point of law, the evidence did not prove a delivery of the watch by the deceased to the defendant, such as is required by law ·to make a valid

*donatio causa mortis*, to which opinion of the court the defendant excepted.

The jury returned a verdict for the plaintiff, and the defendant moved to have the same set aside, by reason of said exception.

*Burke & Wait*, for the defendant, claimed that if delivery accompanied or followed the gift, it was sufficient; that the defendant had the possession of the property before the gift, and had the right to control it as against every body but the deceased, and that the gift passed the property to her, and that thereby her possession became exclusive, which were sufficient; citing *Smith* v. *Smith*, 2 Str. 955.

*Barton*, for plaintiff.

Was there such a delivery of the watch by the deceased to the defendant as is required by law to make a valid gift *causa mortis?* The case finds that the defendant never had any possession of the watch except as the servant of her brother, Stephen B. Gilman. In fact it was never delivered to her at all. She was only requested "to take care of the watch and keep it wound up." It is well settled that delivery is essential, both at law and in equity, to the validity of a parol gift of a chattel, and without actual delivery the title does not pass. A mere intention or naked promise to give, without some act to pass the property, is no gift. 2 Kent Com. 438, 439, 445, 446; *Sanborn* v. *Goodhue*, 18 N. H. 56; *Marston* v. *Marston*, 21 N. H. 491. The taking of the watch-key from the vest pocket of the deceased constitutes no delivery of the watch to the defendant. It being capable of actual delivery, such delivery was indispensable. Symbolical delivery, in this case, is not tantamount to actual delivery, and is not sufficient. Here was but a naked promise—a mere intention (and that induced by the defendant) to give,

Cutting *v.* Gilman.

by which nothing passed, and courts of justice will not interfere to give effect to a gift left inchoate and imperfect. 2 Kent Com. 438. The watch was hanging in the sitting-room, where it had hung during the sickness of the deceased. It was not presented to the defendant. It remained in its place till after the death of her brother. Will it be argued that the defendant was then in the possession of the watch, and therefore no delivery was necessary? That the promise had relation back to the time when she took possession of the key? If so, we reply, that the defendant was acting for the deceased; that she had no legal possession or claim which she could enforce against him. He could have disposed of the watch at any time before his death. He had the command and dominion of the property. His subsequent promise to the defendant could have no tendency to alter or enlarge her rights in said property, which she enjoyed by virtue of the care she was taking of it. At the time the promise is alleged to have been made, the watch was susceptible of actual delivery; was not then in the possession of the defendant; was not worn upon her person; was where her father had put it, and was not, in the lifetime of the deceased, taken down. It is the policy of the law to examine with care the circumstances attending gifts of this character. Justinian required them to be executed in the presence of five witnesses. Although we may not have adopted such precaution, still, great care is observed in their execution by our courts. Actual delivery of the chattel given, is always insisted on to constitute a valid gift. Such delivery, we submit, was not made by the deceased to the defendant.

SARGENT, J. It is now well settled that, under certain limitations, a gift may be made, by one in present contemplation of death, of money or other property capable of passing by delivery; that to give effect to such a dona-

tion there must be a clear and manifest intention of the owner to give; a subject capable of passing by delivery, and an actual delivery at the time, in contemplation of death; that such a gift is inchoate, and does not become perfect till the death of the donor, being, in that respect, like a legacy; that it is revocable by the donor during his life; and if he recover from the sickness or other cause of apprehended death, under which the donation is made, the gift is void. But where there is such a gift and actual delivery at the time, and the expected death of the donor ensues, the gift is complete, and vests the property in the donee presently, without its vesting in or passing through the executor or administrator, and is liable to be divested only in favor of the creditors of the donor. 2 Kent Com. 444, 445 and 446; *Parish* v. *Stone*, 14 Pick. 198; *Sanborn* v. *Goodhue*, 28 N. H. 48; *Jones* v. *Brown*, 34 N. H. 439. In the case before us, it would seem that all the conditions were complied with to make it a good *donatio causa mortis*, except the delivery. But there was no delivery at the time of the alleged gift. The watch was hanging where it had been placed by the father of the deceased at the time when the deceased first took his bed, and though the sister, the defendant, had the key at the time of the alleged gift, yet she had received it before, as the agent of her brother, in order to wind the watch and take care of it for him and by his direction; and at the time of the alleged gift there was no act whatever that could operate as a delivery of the watch. The defendant had wound it for the deceased before the gift, and she did the same afterward but there was no change of possession—nothing that could be construed into a delivery at the time, either to the donee or to any other person for her.

In such cases there must be an actual delivery in order to perfect the gift, though the delivery is good if made to a third person for the donee, if such third person hold such possession until the death of the donor. *Borneham*

Cutting *v.* Gilman.

v. *Sidlinger,* 3 Shep. 429; *Grattan* v. *Appleton,* 3 Story 755; *Carpenter* v. *Dodge,* 20 Vt. 595; *Sessions* v. *Masely,* 4 Cush. 87; *Dale* v. *Sinclair,* 31 Me. 422; *Raymond* v. *Sellick,* 10 Conn. 480. An absolute delivery and a continued change of possession, are essential requisites of a *donatio causa mortis. Craig* v. *Craig,* 3 Barb. Ch. 76.

A delivery is indispensable to the validity of a gift *causa mortis.* It must be an actual delivery of the thing itself, or of the means of getting possession and enjoyment of the thing, and there must be something amounting to delivery at the time of the gift; for it is not the possession of the donee, but the delivery to him by the donor that is material. An after-acquired possession, or a previous and continuing possession of the donee, though by authority of the donor, is insufficient. *Miller* v. *Jeffreys,* 4 Gratt. 472; *Kennedy* v. *Public Administrator,* 2 Bradf. (N. Y.) 319.

The case of *Smith* v. *Smith,* 2 Str. 955, is cited by the defendant as opposed to this last position. But the authority of that case is questioned in *Bunn* v. *Markham,* 7 Taunt. 224, and substantially overruled in that case, which was decided by the full bench, and in the same case, before *Gibbs,* C. J., at *nisi prius,* as reported, 1 Holt N. P. 352. So, also, the case of *Sprattle* v. *Wilson,* 1 Holt N. P. 10, would seem to be opposed to this doctrine, where *Gibbs,* C. J., inquires whether if A, on his death-bed, desire B to call at a certain place and fetch away a watch, adding, "that he will then make her a present of it," but no possession is resumed by A, and no delivery made to B; this would not be good as a *donatio causa mortis.* But in the case of *Bunn* v. *Markham,* 1 Holt 352, and note, and in the same case before the full bench (7 Taunt. *ante*), *Gibbs,* C. J., corrects the erroneous views taken in *Sprattle* v. *Wilson,* and holds that an actual delivery by the donor must accompany the gift to make it effectual in such a case.

Nor will a symbolical delivery answer. To constitute a

Cutting *v.* Gilman.

title of this kind, under a gift *causa mortis*, the donor must not only give, but he must deliver, and that delivery must be actual where the subject matter of the gift is capable of actual transfer. *Shargold* v. *Shargold*, 2 Ves. 431; *Bunn* v. *Markham*, 1 Holt, *ante.*

In the case before us, the watch was not in the possession of the defendant before or after the alleged gift, any more than it was in that of her father; but even if it had been, there must have been some act at the time of the gift which would amount to a delivery. A mere intention to give, or a naked promise to give, without some act of delivery to pass the property, is not a gift. The ruling of the court was correct, and there must be

*Judgment upon the verdict.*