RAYMOND A. WHITE v. JOHN P. COTTER, ADMINISTRATOR
(ESTATE OF WILLIAM J. FITZGERALD), ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 81919

Memorandum filed January 27, 1949.

*Joseph P. Cooney,* of Hartford, for the Plaintiff.

*Dennis P. O'Connor, John P. Cotter* and *Harold Borden,* of Hartford, for the Defendants.

MURPHY, J., William J. Fitzgerald died on December 19, 1947. At his death he had $24,000 in cash and $10,000 in United State treasury bonds in a safe deposit box in the City Safe Deposit, Inc. of Hartford, which he had rented on April 3, 1947, under the name of Dan Kelly and in which the plaintiff was a joint tenant using his own name. The plaintiff had not used the box for his own purposes. It was acquired and used solely as a depository of the decedent's property and on the several occasions that the plaintiff went to it he did so at the request of and for the accommodation of Fitzgerald.

On December 10, 1947, the plaintiff visited Fitzgerald at St. Francis Hospital and delivered to him $500 in cash which he had withdrawn from the box at Fitzgerald's request. (White testified that this visit was about four days before Fitzgerald's death. It was also the same day he withdrew the $500. Defendants' exhibit 3, the record of entries to the box, shows that White visited the box on December 10. The box was not entered at any other time from November 14 to December 19, the day Fitzgerald died). On that visit, Fitzgerald told White that if anything happened to him he wanted White to take the money out of the box and place it in another box in a different depository in White's own name. White was instructed to give $2000 each to two sisters and one brother of Fitzgerald and to hold the balance until Fitzgerald's minor daughter, Patricia, reached the age of twenty-one years, when it was to be turned over to her.

Fitzgerald and his wife were divorced. If, however, one of Fitzgerald's sisters obtained custody of the child, White was to pay the sister such sums as were needed to properly support and educate Patricia.

At the time Fitzgerald was not conscious of his impending demise. He told White that he was in the hospital for a rest and expected to be out in a week or ten days. If he had not died, the money would have remained in the joint safe deposit box and would have been handled in the same manner that it had been prior to Fitzgerald's visit to the hospital.

Upon advice of counsel, White has turned over the bonds and all of the money except $6000 to the administrator of Fitzgerald's estate. He has brought this action of interpleader to determine the person or persons to whom he should pay over the $6000.

To constitute a gift causa mortis three conditions are essential. 1. It must be made by the donor in contemplation of the con-

ceived approach of death. 2. It must be given to take effect only in case the donor dies. 3. There must be a delivery of the subject of donation. *Raymond* v. *Sellick*, 10 Conn. 480, 484.

At the time that Fitzgerald disclosed his intentions to White, he told him that he did not intend to be operated on and said he was getting along all right and would be up and around in a week or ten days. He could hardly have contemplated the approach of death. Had he known at that time that another operation was imminent, we might have a different factual situation, but the evidence does not show such knowledge.

"The apprehension of death necessary to constitute a gift causa mortis may arise from the prospect of a surgical operation to which the donor intends voluntarily to expose himself, if such operation is made necessary by a present disease. . . ." 24 Am. Jur. 734. The first requisite of such a gift is lacking.

The third requisite, delivery, also seems adsent. The money was in the joint depository. Fitzgerald did not surrender his key to it. White was in possession of the other key and had control over the contents of the box as Fitzgerald's agent. "Delivery of possession is essential to a donatio causa mortis." *McMahon* v. *Newtown Savings Bank*, 67 Conn. 78, 80. "While delivery may be made by an agent of the donor, delivery to the agent [of the donor] is not enough." 24. Am. Jur. 747; 12 R. C. L. 959; 3 A. L. R. 912.

There was an intent by Fitzgerald to make a gift causa mortis but he did not properly effectuate that intent. The money is a part of the estate of the decedent, Fitzgerald, and is to be turned over by the plaintiff to the administrator thereon. Upon payment thereof he is discharged of all liability to the defendants herein.

Five hundred dollars is a reasonable sum for counsel fees and expenses of the plaintiff, which he is to withhold from the money in his possession and deliver the balance to the administrator.

Judgment in accordance with this memorandum.