## NEW YORK COMMON PLEAS.

JOHN C. BAXTER and others, respondents agt. ROBERT R. WALLACE, appellant.

A person whose real interest is that of a *mortgagee*, and who has *never taken possession of the vessel*, is not answerable for *supplies*, though he holds a *bill of sale* vesting in him the *legal title*, and though the vessel may be *registered in his name* at the custom house accompanied by his oath that he is the true and only owner.

To make a mortgagee responsible for supplies, it must be shown either that he *was in possession of the vessel*, or that they were furnished *at his request*, or by the direction of some person *authorized to contract on his behalf*.

*General Term, February*, 1863.
DALY, BRADY and HILTON, *Judges*.

APPEAL by defendant from judgment for plaintiffs rendered at special term.

D. & T. McMAHON, *for appellant.*
A. S. DIOSSY, *for respondent.*

By the court, DALY, F. J. The plaintiffs sought to charge the defendant Wallace as owner of the brig Hope for supplies furnished to the brig in the port of New York, where the vessel belonged. To charge the defendant personally, it was necessary to show that the supplies were furnished either by his expressed authority, or under circumstances from which an authority would be implied. The supplies were furnished at the request of the mate of the vessel and one Webster. Webster introduced the mate to the plaintiffs, and told them to deliver what goods he might order for the brig, and to present the bill on board, and that it would be paid. The plaintiffs produced no evidence to show that either Webster or the mate had any authority from the defendant to order the supplies, and the defendant swore expressly that he had never authorized any person to present the bill to him; that he did not know the mate; had never had any transactions with him; that he never had possession of the vessel; had never seen her but once; had nothing to do with the loading of her; did not control her running in any way; had no interest in her profits, and had never employed any officer or any one on board of her. This was decisive upon the question of authority, but the plaintiffs recovered simply upon the ground that the defendant held a bill of sale of the brig, and had made the usual affidavit at the custom house that he was the owner of the vessel.

. The nature of his interest was this : Webster bought the brig at a marshal's sale, and to complete the purchase he borrowed $800 of the defendant upon an agreement that the title should be taken in the defendant's name as a se-

curity for the loan.    The bill of sale was accordingly made
out in the name of the defendant, and a written instrument
in the nature of a defeasance was executed by both parties,
setting forth that Wallace had loaned Webster $800 for the
purpose of enabling him to purchase the brig; that it was
agreed that the title should be in Wallace, and that Wal-
lace, upon the payment to him of the $800 and interest,
was to transfer the vessel to Webster or his order.    This
was not such an ownership as would make the defendant
responsible for supplies furnished to the vessel, though the
bill of sale was made out in the name of the defendant.
The transaction, as shown by both instruments, was, in
legal effect, a mortgage.    He held the bill of sale merely as
security for the eight hundred dollars; and though the legal
title was vested in him, his interest was no greater than
that of a mortgagee.

It is well settled that a person whose real interest is that
of a mortgagee, and who has never taken possession of the
vessel, is not answerable for supplies, though he holds a bill
of sale vesting in him the legal title, and though the vessel
may be registered in his name.    (*Noartyman* agt. *Hart*, 1
*Starkie's R.*, 366; *Hasketh* agt. *Stevens*, 7 *Barb.*, 488; *Leon-
ard* agt. *Huntington*, 15 *Johns.*, 288; *McIntyre* agt. *Scott*, 8
*id.*, 159; *Abbot on Shipping*, p. 35 *to* 40, 132, 8*th Lond. ed.*)

The registration of a vessel at the custom house under a
bill of sale, although accompanied by the oath of the per-
son in whose name it is registered that he is the true and
only owner, is not conclusive as to the ownership, the ob-
ject of the registry being simply to determine the national
character of the vessel; and though the bill of sale is ab-
solute upon its face, it may be shown that it was intended,
in fact, to operate as mortgage.    (*Sharp* agt. *United States
Ins. Co.*, 14 *Johns.*, 201; *Weston* agt. *Penniman*, 1 *Mason*,
318; *Ring* agt. *Franklin*, 2 *Hall R.*, 1; *Dey* agt. *Dunham*,
15 *Johns.*, 555.)

To make a mortgagee responsible for supplies, it must be

shown either that he was in possession of the vessel (*Miles* agt. *Spinola*, 4 *Hill*, 177,) or that they were furnished at his request, or by the direction of some person authorized to contract on his behalf. Nothing of the kind having been shown here, there was no ground whatever for the judgment.

Judgment reversed.