DREHER v. CONNOLLY et al.

(Common Pleas of New York City and County, General Term. April 7, 1890.)

PARTNERSHIP—DISSOLUTION—SUBSEQUENT USE OF FIRM NAME.

Where the owners of a saloon permit their firm name to be used after a sale and transfer of possession of the premises, without any indication of a change of ownership, they will be estopped to deny that goods sold and delivered at and for the use of the saloon were sold to them and on their credit.

Appeal from fourth district court.

Action by Henry E. Dreher against Patrick Connolly and Patrick Mahony for goods sold and delivered. There was judgment for plaintiff, and defendants appeal.

Argued before LARREMORE, C. J., and BISCHOFF, J.

J. T. Cornell, for appellants.    N. S. Levy, for respondent.

BISCHOFF, J. Notwithstanding the positive denial by the defendants of the purchase of the merchandise for the recovery of the value of which this action was brought, there appears, from the examination of the evidence, sufficient to sustain a finding that at the time of the sale and delivery the defendants were the owners of the saloon at 310 Bowery, at which, and for the use of which, the merchandise was delivered, and that, by permitting their firm name to be continued after the premises had passed into the possession of McGonigle without any indication of change of ownership, the plaintiff's assignor was justified in assuming that defendants continued to be owners at the time of the sale and delivery of the merchandise in question, and that thereby the defendants were estopped from denying that the sale was to them and upon their credit. The appellate court will not reverse a judgment of the court below on a mere conflict of testimony, if there is sufficient evidence to support it, although on the whole evidence the appellate court might have arrived at a different conclusion. See Fixman v. Brown, 14 Daly, 110. Judgment affirmed, with costs.