(14 Misc. Rep. 607.)

### SINCLAIR et al. v. HOLLISTER et al.

(Common Pleas of New York City and County, General Term. December 16, 1895.)

1. PARTNERSHIP—DISSOLUTION—EXECUTING NOTE IN FIRM NAME.
   One who was a member of a firm when it ordered certain work and materials, but who retired before the order was complied with, is liable on a note given in payment therefor and signed in the firm name, if the payee had no notice of the dissolution of the firm.

2. SAME—NOTICE TO THIRD PERSONS.
   Evidence of the dissolution of copartnership is properly rejected when the party seeking to benefit thereby does not offer to show notice of dissolution to the opposite party.

Appeal from city court, general term.

Action by James M. Sinclair and Hector Sinclair, Jr., partners under the firm name of H. Sinclair's Sons, against Robert A. Hollister and others, partners under the firm name of William J. Merritt & Co. From a judgment of the city court (35 N. Y. Supp. 1117) affirming a judgment entered on a verdict by direction of the court in favor of plaintiffs, for $1,718.27, defendant Hollister appeals. Affirmed.

The action was brought to recover the amount, with interest, of two promissory notes signed "William J. Merritt & Co," to the order of H. Sinclair's Sons, payable at the Mt. Morris Bank, New York, for value received, both dated June 6, 1888; one at three months, for $623, and one at four months, for $622. The defendants were sued as copartners under the name of William J. Merritt & Co., and defendant Hollister answered, denying each and every allegation in the complaint, except that he admitted that the defendants were copartners under the firm name of William J. Merritt & Co., in the year 1887. The complaint alleged that the consideration of the notes was work done and materials furnished to the defendants at their request in the latter part of the year 1887 and in the months of January, February, March, April, May, and June, 1888.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Reginald H. Arnold, for appellant.

Smith & Bowman, for respondents.

DALY, C. J. By the admission in his answer it was established that the appellant, Hollister, was a partner in the firm of William J. Merritt & Co. in the year 1877, when they gave, according to the plaintiffs' evidence, the order for the work which formed the con-

sideration of the notes sued upon. Payment of the notes is resisted on the ground that, although in the firm name, they were made by Merritt, one of the partners, after dissolution of the firm, and without authority of the appellant. It was not shown that the plaintiffs had notice of the dissolution at the time they received the notes. As dealers with the copartnership, they were entitled to notice, and, in the absence of it, the extension of a new credit to the firm by accepting notes for the firm debt entitled them to recover. While the general rule is that one partner cannot bind the other after dissolution, even by the renewal of the partnership note, an exception is made in favor of one having dealings with the firm, and taking the new note without actual notice of the dissolution. The holder of the renewed paper is a dealer with the firm. Bank v. Norton, 1 Hill, 572. "In case of the dissolution of a copartnership, actual notice of the dissolution must be brought home to all persons with whom the firm has had dealings, to protect, as to such persons, one partner from the acts of another in the uses of the copartnership name after the dissolution. Where a note was made by the firm in the copartnership name, which was discounted by a bank for the accommodation of the payee, and was repeatedly renewed, it was held that the firm must be considered as having had dealings with the bank, within the meaning of the rule requiring actual notice of the dissolution." Vernon v. Manhattan Co., 22 Wend. 183. It was held in Morrison v. Perry, 11 Hun, 33, that a note given after the dissolution of the firm by one partner, without the authority of the others, for a previous copartnership debt due to the holder, could not be enforced against such other persons, though the holder had no actual notice of the dissolution. The reasoning in that case is that no new debt is contracted by taking a note for the old partnership obligation, as the existing indebtedness still remains good. The opinion takes no notice of Vernon v. Manhattan Co., supra, holding the contrary doctrine; and cites Bank v. Norton, supra, as authority for the principal proposition "that, after the dissolution of a partnership, neither of the partners can give notice or accept bills so as to bind the other partners, even when it is done for the purpose of providing for a debt due from the former firm"; while that case, as we have seen, excepts from the general rule cases where the new note is given to one having had dealings with the firm without actual notice of dissolution. The reasoning in Morrison v. Perry is that the new note is not a new debt. But the taking of a new note is the giving of a new credit, and a new contract is made therefor. The other cases cited in Morrison v. Perry are cases where the creditor took the new security with knowledge of the dissolution of the firm, where the question of notice was not raised, or cases of new acknowledgment of former copartnership debts. In the present case the plaintiffs, who were dealers with the appellant's firm, had no notice of the dissolution at the time they received the notes in suit, and under the authority of Bank v. Norton and Vernon v. Manhattan Co., supra, are entitled to recover under the protection of the rule which makes a retiring partner liable for subsequent engagements made by his

former partner in the firm name with those who had previous dealings with the firm, and who entered into the new transaction without notice of the change in the partnership. Austin v. Holland, 69 N. Y. 571.

The exceptions to rulings upon evidence remain to be considered. The defendant offered in evidence the agreement of dissolution, but, as it was ineffectual to discharge him unless actual notice of it to the plaintiffs was shown, and as defendant did not offer to show notice, the agreement was properly rejected. The defendant attempted to show that some of the work by plaintiffs was ordered after the dissolution of the firm, but, as the copartners would have been liable therefor unless plaintiffs had notice of dissolution, this evidence was also properly rejected. It is now urged that the evidence should have been admitted, as it was intended to elicit proof that the materials, which plaintiffs had testified were ordered before dissolution, were not, in fact, ordered or furnished until afterwards. The form of the question put to the witness gave no indication of the intention to bring out such evidence. Its plain scope was to show that some of the goods, not all, were ordered after the dissolution. It was as follows: "Q. Now, turn to plaintiffs' Exhibit D, which has been offered in evidence in this case, being a bill dated May 29, 1888, to William J. Merritt & Co., from Sinclair & Son, and state if you can tell what materials in that bill were ordered in those houses after the dissolution of that firm of Merritt & Co." The question assumed in fact that some of the materials were ordered before the dissolution. If so, and plaintiffs had no notice of the dissolution, defendants were liable for the materials ordered in the firm name afterwards. None of the questions objected to and ruled out indicated another purpose now claimed for them; i. e. to show that the notes were accepted by the plaintiffs from the defendants Merritt and Tilton in satisfaction of the claim against the old firm.

Exception was taken to the exclusion of a certain judgment roll in this action in favor of the plaintiffs against two of the defendants, Merritt and Tilton only, for the amount sued on. It is claimed that this judgment was a bar to the action. The record was objected to on the ground that the judgment had not been pleaded as a defense; that application for leave to plead it had been denied, and the order therein affirmed, by the general term of the city court and by this court on appeal; and, further, that the judgment had been vacated. The judgment in question was entered after the first trial of the case, upon the direction of the trial court of a verdict in favor of plaintiffs against the defendant Merritt, who signed the firm name to the notes, and the defendant Tilton, who did not defend the action, while the cause was dismissed as to this appellant, Hollister. The judgment of dismissal in favor of Hollister was reversed by the city court, and the judgment against the other two defendants was vacated. The appellant's contention is that the entry of that judgment against two of the partners was fatal to a recovery against the other. The effect of the judgment in question, and of the order vacating it, and of the order denying the motion of appellant, Hollister, to set it up as a defense to this action,

was fully considered by this court on the appeal from the latter order. Sinclair v. Hollister (Com. Pl.) 16 N. Y. Supp. 529. We held that the entry of judgment against two only of the joint contractors was a mere irregularity, the correction of which, by the court below, was not the subject of review by us; and we held that defendant's motion for leave to set it up as a defense by supplemental answer was denied in the exercise of a discretion in the city court, which also was not the subject of review. The judgment was not permitted to be pleaded as a defense, and, not being pleaded, was not admissible as a bar or estoppel (Krekeler v. Ritter, 62 N. Y. 372), and was properly rejected. The evidence in the case was ample to sustain the plaintiffs' claim that the work was all ordered at one time, and while appellant was a member of the firm, according to his own admission. The copartnership thus admitted continued, as to all persons dealing with the firm on the faith of the copartnership, until notice of dissolution was shown; and so the complaint in its full scope was proved when the case was closed. The defendant expressly waived the right to go to the jury upon any question of fact, and the court was authorized to dispose of any such question in the case by directing a verdict. No other exception called for a reversal.

Judgment and order affirmed, with costs. All concur.