(15 Misc. Rep. 440.)

### GARBETT v. GEDNEY et al.

(City Court of New York, General Term. January 28, 1896.)

PARTNERSHIP—DISSOLUTION—LIABILITY OF RETIRING PARTNERS.

Where a firm is dissolved, and some of the partners, with the knowledge of the retiring partners, continue the business under the old firm name, the retiring partners are estopped to deny that the partnership still exists.

Appeal from trial term.

Action by Zachariah Garbett against William H. Gedney and another. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before FITZSIMONS, McCARTHY, and BOTTY, JJ.

George W. Poucher, for appellants.
Johnston & Johnston, for respondent.

FITZSIMONS, J.	The only question which the defendants' attorney asked to have submitted to the jury was, "Were the defendants copartners at the time of the transactions in question?"	The trial justice declined to submit that question to the jury, and directed a verdict in favor of the plaintiff for $1,253.46, and he was right in so doing.	It appears, from the undisputed evidence, that up to about December, 1890, the defendants were copartners in business, and that subsequently the defendants William H. Gedney and son, with the knowledge of his codefendant herein, and under the firm name, conducted the business transactions in question by permitting the old firm name to be so used by Willam A. Gedney; and, business under said firm name being carried on as usual, William H. Gedney, the retired partner, is estopped from denying such copartnership.	It was his duty to see that William A. Gedney ceased using the old firm name, and ceased doing business under that name. His failure to do so precludes him from denying the copartnership, and he must suffer the result of his own negligence or indifference. The plaintiff was certainly justified in assuming that existence of such copartnership.	Norquist v. Dalton (City Ct. N. Y.) 11 N. Y. Supp. 351; Dreher v. Connolly, 16 Daly, 106, 9 N. Y. Supp. 635.	Besides, the case fails to contain the statement that all the evidence is contained therein.	We must, therefore, assume that sufficient evidence of the copartnership in question was submitted, and for that reason the ruling of the trial justice above referred to was proper.

The judgment must be sustained, with costs.	All concur.