(21 Misc. Rep. 763.)

TOBIAS v. WIERCK et al.

(Supreme Court, Trial Term, New York County. November, 1897.)

1. INCORPORATION OF PARTNERSHIP—LIABILITY UNDER PARTNERSHIP CONTRACTS.
   Defendants were owners and operators of a steamboat, and plaintiff attended to the advertising of it. After they sold the steamer to a corporation, of which they themselves were the sole stockholders, plaintiff, without notice of the change, other than the knowledge of the change of name, continued the advertising under the previous arrangement. *Held*, that defendants were individually liable for such advertising.

2. STRIKING OUT EVIDENCE.
   When a part of the admissions objected to were admissible, a motion to strike out all of them is properly overruled.

Action by Francis J. Tobias against John P. Wierck and others to recover money expended in advertising defendants' steamship business. Judgment for plaintiff.

Anderson, Howland & Murray, for plaintiff.
Hotchkiss & Maddox, for defendants.

McADAM, J. The defendants, up to March 15, 1892, were owners of the steamboat Havana, engaged in carrying excursion parties to and from the fishing banks. The plaintiff attended to their advertising while the defendants owned the boat, and continued to attend to that business after March 15, 1892, when they transferred the boat to the Liberty Steamboat Company, a corporation which they formed, and in which they owned all the stock. The advertising sued for was done after the transfer to the corporation, and the defense is that the plaintiff ought to have sued the corporation, and not the defendants. Having obtained a credit with the plaintiff on their own account, the defendants, if they desired to discontinue it, ought, on transferring the steamboat to the corporation which they formed, to have notified the plaintiff of the devolution of interest, that he might determine whether he would credit the corporation or not. The plaintiff was given no such election. It does not appear that he ever knew that the corporation was organized until after the entire debt had been incurred, and the fact that it continued the same business under the direction of the former owners as before was not calculated to put him on his inquiry

as to any change of credit being desired. True, the plaintiff, by receiving checks made out in the name of the Liberty Steamboat Company for bills rendered, became aware that the business was from a certain period conducted in that name; but it was quite competent for the former owners to continue their business in such a manner without any articles of incorporation. Crawford v. Collins, 45 Barb. 269; Id., 30 How. Prac. 400; Wright v. Hooker, 10 N. Y. 51; Colly. Partn. (6th Ed., by Wood) p. 286, note. Prior to the change of ownership the defendants certainly acted as principals, and, if they intended thereafter to act as agents of the corporation in respect to the advertising procured to be done by the plaintiff, they ought, in order to shield themselves from liability, to have disclosed their agency by making known the facts. Story, Ag. § 266. Even the retiring member of a firm, in order to avoid further liability to those with whom the firm had previously dealt, must give notice of the change. Colly. Partn. (6th Ed., by Wood) 163, note; Bates, Partn. § 606; Bank v. Mudgett, 44 N. Y. 514; Howell v. Adams, 68 N. Y. 314; Rolling-Mill Co. v. Harris, 124 N. Y. 280, 26 N. E. 541; Noyes v. Turnbull, 54 Hun, at page 42, 7 N. Y. Supp., at page 122; Sinclair v. Hollister, 14 Misc. Rep. 607, 36 N. Y. Supp. 460; Braid Co. v. Stewart, 20 Misc. Rep. 86, 45 N. Y. Supp. 69; Dreher v. Connolly (Com. Pl.) 9 N. Y. Supp. 635. There are reasons equally strong why notice of the change should have been given in this instance if the defendants determined to discontinue their responsibility, for "if an existing partnership becomes incorporated, but continues dealing in the old way, they are liable as partners where the change of name does not convey information." Bates, Partn. § 611. The cases relied on by the defendants (Macy v. Wheeler, 30 N. Y. 231; Baxter v. Wallace, 1 Daly, 303; Weber v. Samson, 6 Duer, 358; Frazer v. Marsh, 13 East, 238; Reeve v. Davis, 1 Adol. & E. 312; Thorn v. Hicks, 7 Cow. 697; Leonard v. Huntington, 15 Johns. 298) were suits for supplies furnished to registered vessels on the credit thereof, and certain persons were sought to be charged with the demands as owners at the time the transactions were had. They are inapplicable here, because the plaintiff's services were rendered under a contract made directly with the defendants, whereby they pledged their personal credit for the payment thereof. The evidence as to the admissions of the defendant John P. Wierck went in without objection, and related to a distinct fact, i. e. his connection with the transaction, showing his possession of the bills for the work charged for. To this extent, at least, the testimony falls within the principles laid down in White v. Steamship Co., 102 N. Y. 660, 6 N. E. 289, and was proper. At all events, the entire admission could not be stricken out, and such was the scope of the defendants' motion, which was evidently too broad. The defendants failed to establish any meritorious defense, and the plaintiff is entitled to judgment for $871.56, the amount claimed, and interest from the time demand was made on the defendants for payment.