95   547
100   510

IDA A. BICKFORD, *vs.* CHARLES P. MATTOCKS, Admr.

Cumberland.   Opinion December 10, 1901.

*Gift.   Delivery.   Agent.*

1.  To constitute a valid gift inter vivos, it must be made with intent that it shall take effect immediately and irrevocably, and it must be fully executed by a complete and unconditional delivery.

2.  Delivery may be made to the donee personally, or to a third person for the donee.

3.  Not every delivery to a third person is a delivery for the donee so as to complete the gift.

4.  If the donor deliver the property to a third person simply for the purpose of his delivering it to the donee as the agent of the donor, the gift is not complete until the property has actually been delivered to the donee.

5.  But if the donor deliver the property to a third person with the intent that the gift shall take effect immediately and thus parts with all present and future dominion over it, the third person holds as trustee for the donee, and the gift is in that respect complete.

6.  A donor made a loan of money for which a note was given secured by a mortgage, and he directed the note to be made payable to his niece, to whom he intended to give it. A mortgage also was made running to the niece as mortgagee. She was not present and knew nothing of the transaction at the

time. After the note and mortgage were executed, the donor asked the scrivener to get the mortgage recorded, and when it was received from the registry of deeds, to mail it with the note to the donee. The scrivener filed the mortgage for registry, and retained possession of the note. He forgot to take the mortgage from the registry. He kept the note for about a year, when he returned it to the donor. In the meantime, the maker of the note made certain payments on it to the scrivener, who turned the money over to the donor. After the donor took the note from the scrivener, he received payment of the balance due, and delivered the note to the maker. None of the money was paid to the donee.

*Held;* that the delivery of the note to the scrivener was simply for the purpose of sending it to the donee, and that the scrivener was agent only of the donor, and not trustee for the donee.

7. It follows that the gift failed for want of a complete delivery to the donee.

On report. Judgment for defendant.

Assumpsit for money had and received against the defendant as administrator of Thomas R. Heath, deceased. The case was reported to this court by the presiding justice of the Superior Court, Cumberland county.

*J. H. Fogg*, for plaintiff.

*W. K. and A. E. Neal*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. The defendant's intestate, Thomas R. Heath, loaned five hundred dollars to one Sturgis. The latter, by direction of Heath, gave his note for the same, payable to the plaintiff. The note was secured by a mortgage running to the plaintiff. The plaintiff was not present, and knew nothing of the transaction at the time. After the note and mortgage were executed, Heath asked the attorney, who was the scrivener, to get the mortgage recorded, and when the mortgage was received from the registry of deeds, to mail it, with the note, to the plaintiff. The attorney filed the mortgage in the registry, and took possession of the note. He did not take the mortgage from the registry. He forgot it, or to use his own expression, "it left his mind." He kept the note for about a year, and then delivered it to Heath. In the meantime, the maker of the note had made certain payments on it to

the attorney, who paid the money to Heath. Afterwards the balance due was paid to Heath, and he surrendered the note to the maker. Neither the note nor the mortgage was ever delivered to the plaintiff by Heath or the attorney. Nor were any of the moneys collected by Heath paid or delivered to her. Some months after the note and mortgage were executed, she executed, at the request of Heath, a release of a portion of the mortgaged premises, and when the note was paid, she discharged the mortgage, likewise at the request of Heath.

The plaintiff claims that the transaction constituted a gift of the note to her, and has brought this suit to recover the amount of the proceeds of the note which was paid to the defendant's intestate. The defendant claims that no gift was intended, and that Heath adopted the plan of making the note payable to the plaintiff, who was his niece, in order that he might more easily escape taxation upon the loan; and further, that if a gift was intended, that it never became complete and effective, for want of delivery.

We think the evidence preponderates in favor of the theory that Heath intended to give the note to the plaintiff. He so declared his intention on the occasion when the note was made, and even before then. And it may be that he thought he had accomplished his purpose, for shortly after the note was made, he told the plaintiff and others that he had given her five hundred dollars. And about the time the note was paid in full, speaking with reference to that fact, he asked her what he should do with the money, to which she replied, "Keep it for me and invest it again."

To constitute a valid gift inter vivos, it must be made with intent that it shall take effect immediately and irrevocably, and it must be fully executed by a complete and unconditional delivery. These principles are elementary. Delivery is essential. *Dole* v. *Lincoln*, 31 Maine, 422. Mere intention cannot take the place of it, nor can words, nor can actions. Thornton on Gifts and Advancements, 105; *Drew* v. *Hagerty*, 81 Maine, 231; *Donnell* v. *Wylie*, 85 Maine, 143. It is the act which completes the gift. It is the test which shows whether the gift was actually consummated, as well as intended. Since many of the cases cited by

counsel on both sides in this case involved only gifts causa mortis, it is proper to observe that while delivery is essential to the validity of each of these classes of gifts, and while there is in this respect no difference in the requisites of good delivery, the effect is widely different. Thornton on Gifts, &c., 105. In gifts causa mortis, the delivery is made in expectation of death, but so long as the donor lives, the gift is ambulatory, revocable. Only death completes the gift. Before death, it is subject to the will of the donor. While in gifts inter vivos, it is the delivery itself which completes the gift and makes it irrevocable. The delivery must be absolute. *Dresser* v. *Dresser*, 46 Maine, 48; *Allen* v. *Polereczky*, 31 Maine, 338; *Robinson* v. *Ring*, 72 Maine, 140.

Now in the case at bar, it is not claimed that there was any delivery whatever to the plaintiff personally, of the note or its proceeds. But delivery may be made to the donee; or, as is commonly, but somewhat loosely said, it may be made to a third person for the donee, or for the use of the donee. *Borneman* v. *Sidlinger*, 15 Maine, 429; *Hill* v. *Stevenson*, 63 Maine, 364; *Dole* v. *Lincoln*, supra.

Not every delivery to a third person is a delivery for the donee, or for the use of the donee, in the sense in which these phrases are used in the cases cited. There may be a delivery to a third person which constitutes him the agent of the donor, and there may be a delivery which constitutes him a trustee for the donee, and the distinction lies in the intention with which the delivery is made. If the donor deliver the property to the third person simply for the purpose of his delivering it to the donee as the agent of the donor, the gift is not complete until the property has actually been delivered to the donee. Such a delivery is not absolute, for the ordinary principle of agency applies, by which the donor can revoke the authority of the agent, and resume possession of the property, at any time before the authority is executed. On the other hand, if the donor delivers the property to the third person, with the intent that the gift shall take effect immediately, and thus parts with all present and future dominion over it, the third person holds as trustee for the donee, and the gift is in that respect com-

plete. Thornton on Gifts &c, 141, 144; *Sessions* v. *Moseley*, 4 Cush. 87; *Smith* v. *Ferguson*, 90 Ind. 229; *Devol* v. *Dye*, 123 Ind. 321; *Tomlinson* v. *Ellison*, 104 Mo. 105; *Telford* v. *Patton*, 144 Ill. 611; *Wells* v. *Collins*, 74 Wis. 341; 14 Am. & Eng. Ency. of Law (2nd Ed.) 1025.

Now let us apply these rules of law to the facts in this case. Did the donor here, by leaving the note in the hands of the attorney with directions to mail it to the donee, intend to vest the title to the note then and there in the donee, or did he merely intend that the attorney, as his agent, should deliver the note by mailing it to the donee? We are constrained to think the latter. The attorney was the donor's attorney, not the donee's. He was employed to draft the note and mortgage by the donor, not by the donee. He was paid by the donor, not by the donee. The mailing of the note was only an extension of his service to his client, only the completion of the transaction in which he was engaged. The donor's direction to the attorney was to mail the note. He had no other duty respecting it. He was not to hold it, or keep it; he was to send it. It was left with him solely for that purpose. Had he been directed to send it by the next mail, we think no one would have attached the idea of a trust to his service. If he had done so, no one would have regarded him as the agent of the donee in mailing the note to her, but rather the agent of the donor. If the note had then been lost in the mail, we think no one would have claimed that there had been a good delivery. But the length of time, which was expected to elapse before the note was mailed, is only a circumstance bearing on the question of intent and of little importance, unless the delay was due to the performance of some duty in connection with the note itself. That the attorney was not expected to mail the note immediately was not due to anything connected with the note, but to the fact that it would take time to get the mortgage recorded, and it would be convenient to mail both together. Except for convenience, the note might as well have been mailed the day it was signed. We think the donor, in giving directions for mailing, had no other thought than that he was using the attorney as his own hand to make delivery,

that the attorney was his agent. This view is strengthened by the subsequent history of the note. If the note was delivered to the donee, or to the attorney in trust for the donee, the donor had no further dominion over it, or interest in it. He could not collect it; he had no right to touch it. But if it was in the hands of the attorney as agent for the mere purpose of making delivery, the donor had a right to revoke the authority, to recall the note and collect it himself. And that is what he did do. Although he probably intended that his agent should make delivery, he undoubtedly learned afterwards that the note was still in the agent's hands undelivered. He then, in effect, revoked the authority of the agent, and in this way. As we have already stated, payments on the note were received by the attorney. They were paid over by him to the donor. Then the note itself was taken back from the attorney. And finally the donor received payment in full and surrendered the note to the maker. He was still exercising dominion over the note. And none of the money was paid over to the donee. All this tends to show that Heath regarded the attorney as his agent, and did not regard his delivery of the note to the attorney as completing an irrevocable gift to the plaintiff. It may be that Heath still intended that the plaintiff should have the money at some time. It may be that he intended to keep it and invest it for her. But that was not sufficient. He had not delivered to her either the note or the money, and for that reason, the attempted gift was invalid.

*Judgment for defendant.*