(81 South. 573)

MILLER v. TUBB et al.   (8 Div. 153.)

(Supreme Court of Alabama.   April 17, 1919.)

1. GIFTS ⟨⟩47(1)—ORAL GIFT OF LAND—BURDEN OF PROOF.

In action to quiet title to land held under an alleged oral gift, where defendants, heirs of the alleged donor, filed cross-bill, burden of proof was on complainant to show a perfected gift.

2. APPEAL AND ERROR ⟨⟩1118—RELIEF BETWEEN CODEFENDANTS.

In action to quiet title, where decree was for defendants and complainant alone appealed, appellate court cannot properly decide whether the several defendants, as between themselves, should have the particular interests decreed them.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill to quiet title by Mollie Miller against J. C. Tubb and others. From a decree for defendants on a cross-bill, complainant appeals. Affirmed.

W. L. Chenault, of Russellville, for appellant.

Travis Williams and H. D. Jones, both of Russellville, for appellees.

MAYFIELD, J.   Appellant filed this bill to quiet and determine title to land, as provided by sections 5443–5449 of the Code. The respondents answered and made their answer a cross-bill for the same purpose as the original.

Proof was taken by both complainant and respondents, and a hearing had on the merits of the respective claims of title. Complainant's title is based exclusively upon a parol gift from Betty Tubb. Complainant claims, however, that the gift was not wholly gratuitous—that it was on consideration that complainant and her husband would live with and care for the donor and her husband during the lives of the latter—and that the consideration was performed, and possession delivered, but no deeds or conveyances were ever executed.

The respondents' claims are based upon the claim of inheritance from the donor and her husband who owned the land at the time of his death, but who left no lineal descendants, but left a wife who acquired the land under the homestead and quarantine laws of the state.

The respondents dispute complainant's claim as a gift or that she had any title or possession which would support the bill. They claim that the possession was acquired wrongfully and forcibly for the purpose of maintaining this suit.

The chancellor, or trial judge, found for

the respondents, dismissed the original bill, and granted the relief prayed in the cross-bill; and from that decree complainant prosecutes this appeal.

There is great conflict in the evidence, as to whether or not there was an intent on the part of the alleged donor to give the land to complainant, as well as to the fact as to whether or not the possession was delivered so as to pass the equitable title to complainant. There is no evidence to show that the legal title ever passed by any mode or means —by writings, adverse possession, or otherwise.

The condition of the equitable title is also left in much doubt, and we are not prepared to say that the trial judge erred in finding against the complainant.

[1] There is therefore no question of law involved in the dispute between the complainant and respondents, unless the facts should be found as contended for by complainant. The burden of proof was, of course, on her (complainant) as to this matter; and, while she has proof to the effect there was a perfected gift, there is likewise much proof to the contrary, and we are not able to say she has met the burden of proof imposed upon her.

[2] As it results that complainant has no title or claim which a court of equity can protect or enforce, and that the respondents have title, it is not proper for us to now decide whether the several respondents, as between themselves, should have the particular interest decreed them by the lower court. There is no cross-appeal or assignments of error by any of them.

We therefore disclaim any intention of intimating for or against the correctness of the holding or finding as to the respective claims of each of the respondents and cross-complainants.

Affirmed.

ANDERSON, C. J., and SOMEL.VILLE and THOMAS, JJ., concur.