KARL E. LONNBERG, Appellant, *v.* WILLIAM H. KNOX, WILLIAM H. KNOX & CO., INC., and BARK CALLAO CORPORATION, Respondents.

Supreme Court, Appellate Term, First Department, April 24, 1924.

Ships and shipping — action by seaman for wages and for double wages for waiting time under U. S. Rev. Stat. § 4529 — three persons properly joined as defendants under Civil Practice Act, § 213 — person in possession and control of vessel is obligated to pay seaman — evidence of possession and control — question of possession and control one of fact — state courts have jurisdiction of action by seaman to recover double wages for waiting time under U. S. Rev. Stat. § 4529.

In an action by a seaman to recover wages for services rendered on a vessel and also for wages for waiting time under section 4529 of the United States Revised Statutes the plaintiff, being in doubt as to which of three persons operated, managed and controlled the vessel during the period of his employment, may join all of them as defendants under section 213 of the Civil Practice Act.

Under the Federal statute that individual or corporation is legally obligated to pay the wages of the crew of a vessel who had full and exclusive control of the management and operation of such vessel.

The registry of a vessel, while indicating record ownership, and a circumstance to be considered in the ascertainment of actual possession and control, is not conclusive evidence in the determination of that question.

The evidence submitted by both parties in this case raised a question of fact as to which of the defendants was the actual owner of the vessel and the employer of the plaintiff and such question should have been submitted to the jury for determination.

State courts have jurisdiction over actions by seamen to recover double wages for waiting time under section 4529 of the United States Revised Statutes.

APPEAL by plaintiff from an order dismissing the complaint and also from a judgment in favor of defendants entered in the City Court of the city of New York.

*Arthur Lavenburg,* for the appellant.

*Crowell & Rouse (E. Curtis Rouse,* of counsel), for the respondents.

WAGNER, J. This action was brought to recover wages for services rendered by plaintiff as chief mate on the bark *Callao,* and also, as alleged in the second cause of action, to recover double salary for waiting time under the provisions of the United States Revised Statutes, section 4529. The suit was instituted against

three defendants, William H. Knox, William H. Knox & Co. and the Bark Callao Corporation, manifestly because plaintiff was in doubt as to which of the three defendants operated, managed and controlled the said bark *Callao* during the period of his employment. Such joining of parties defendants is permissible under section 213 of the Civil Practice Act. At the close of the trial the learned court below, of its own motion, directed a verdict against all of the defendants for the wages established as due and dismissed the second cause of action, apparently on the theory that our courts lacked jurisdiction over an action brought pursuant to the United States Revised Statutes, section 4529, to recover double salary for the period the seaman was compelled to wait for wages due him. After this ruling of the court a motion was made by the defendants' counsel to set aside the directed verdict. The court granted the motion as to the defendants Knox and Knox & Co. and dismissed the complaint on the merits as to them. We think the direction of a verdict for plaintiff and the dismissal of his second cause of action, as well as the dismissal of the complaint against Knox and Knox & Co., were errors requiring a reversal of the judgment and the granting of a new trial. Under the Federal statute that individual or corporation is legally obligated to pay the wages of the crew of a ship, who has full and exclusive control of the management and operation of such vessel. U. S. R. S. § 4612; *Kimball* v. *Farmers & Mechanics' Bank*, 138 N. Y. 500; *Everett* v. *U. S. Shipping Board*, 277 Fed. Rep. 256; *Cox* v. *Lykes Brothers*, 237 N. Y. 376. The plaintiff here is entitled to recover a judgment for the wages he has earned against that defendant who, at the time of his employment, was in possession and control of the bark upon which the services were rendered. The registry of a vessel, while indicating record ownership, and a circumstance to be considered in the ascertainment of actual possession and control, is not conclusive evidence in the determination of that question. The statutes under consideration were enacted by congress for the benefit of seamen, and must be construed and enforced so as to carry out, not to nullify, their protective purpose. The seamen's traditional improvidence, and sometimes ignorance, was frequently taken advantage of by unscrupulous shippers and inequitable and disadvantageous contracts were extracted. The abuses became so notorious as to receive legislative recognition, resulting in the enactment of the statutes under which this action was instituted. The courts must be mindful, in the application of these laws, of their beneficent object. The real employer of the seamen should not by technicalities be permitted to avoid his obligation to pay the worker the wages he has earned.

We think the evidence submitted by both sides raised a factual question as to which of the defendants was the actual owner of the bark and employer of the plaintiff, that should have been submitted to the jury for determination. The indorsement upon the shipping articles of the bark *Callao,* filed with the United States shipping commission; the payment by a check of Knox & Co. of the services rendered by the employment agent Harris; the previous payment of wages to plaintiff; the furnishing of supplies, and other acts of alleged exercise of dominion; the fact that the Bark Callao Corporation never had a bank account, did practically no active business except to incorporate and register the vessel, together with other evidence of the conduct of the parties, which need not here be enumerated, may, if accepted as true, indicate to the jury an intention on the part of the defendants Knox or Knox & Co. to assume the rights of ownership, rather than that of mere agency for the registered owner of the bark *Callao.* At the time this action was tried our Appellate Division had decided that the state courts were without jurisdiction to try an action for the recovery of waiting time allowed by the United States Revised Statutes, section 4529. *Cox* v. *Lykes Brothers,* 204 App. Div. 442. The court took the view that such an action was for a penalty, and, being imposed by Federal statutes, could only be brought in Federal courts. So that, in dismissing the second cause of action, the learned court below was constrained to follow the then law of the state. Since the trial, however, our Court of Appeals has passed upon that question, reversing the Appellate Division and holding that our state courts have jurisdiction over this class of actions, because the double wages for waiting time allowed by the federal statutes is not a penalty imposed upon the owner but is an action in the nature of wages. *Cox* v. *Lykes Brothers,* 237 N. Y. 376.

On a retrial of the action, therefore, it will be the duty of the court to submit to the jury for their determination the extent of the waiting period to which the seaman was subjected, and to compensate him at the rate prescribed by the statute. The judgment appealed from is, therefore, reversed and a new trial is ordered, with costs to appellant to abide the event.

Guy and Wasservogel, JJ., concur.

Judgment reversed.