## THE KITTY C.
### No. 121–M.

District Court, S. D. Florida, Miami Division.

Aug. 26, 1937.

M. Lewis Hall, of Miami, Fla., and R. R. Saunders, of Fort Lauderdale, Fla., for libelant.

J. C. Morcock, of Miami, Fla., and Roach & Hoyl, of Fort Lauderdale, Fla., for respondents.

HOLLAND, District Judge.

This is a petitory libel against the cabin cruiser Kitty C and C. W. King, who was in possession of said cruiser, by C. W. Carl, who claims to be the owner and entitled to possession. The libelant contends that the said cruiser was purchased and the full consideration therefor was paid by him which facts were admitted by the respondent. The libelant further contends that the said cruiser was entrusted to the respondent, C. W. King, as master, to be held subject to being returned to the libelant upon his demand therefor.

The respondent denies that the said cruiser was intrusted to him to be held subject to the libelant's orders and to be returned upon his demand therefor, and contends that the said cruiser was an unqualified gift to him by the respondent.

It is undisputed that the craft was purchased and the full consideration paid by the libelant. The first payment was made and the purchase arranged for on December 19, 1935. The registration with the collector of customs was arranged for on the same date. The date of the application is December 19, 1935, and the same appears to have been issued on December 23, 1935.

The chief reliance of the respondent is on the fact that the registration was in his name as well as the admissions against interest by the libelant which were made to various citizens of Fort Lauderdale. This registration was caused to be made by the respondent, but the subsequent events destroy the effect of this registration as an evidence of ownership by him. Notably was the fact that on January 5, 1936, insurance on the vessel was applied for and issued to the libelant, C. W. Carl, as owner, and when the craft arrived at Miami the parties to this action, with their respective wives, came to Miami to inspect the same, and there was a christening of the boat in the name of the wife of the libelant. All of the acts and the doings of the parties at that time were consistent with the ownership of the craft by the libelant and not the respondent. The registration in the name of C. W. King, respondent, was more for convenience to carry out the intent of the parties that respondent should have the boat for use as a fishing craft, of which he was to be the master, and ostensibly Mr. C. W. King was to be known as the owner and master to third persons. From the testimony, it appears that the libelant was a man of means and did not want to be known as operating a fishing boat for hire. The admissions against interest made by the libelant to various parties at Fort Lauderdale are to be construed in this light, and, in view of burden of proof upon the donee and the presumption of law against the gift, such admissions are not sufficient to support the finding of fact that the boat did not belong to the libelant. That which was done by him after the boat was delivered at Fort Lauderdale was not consistent with ownership in respondent but rather in the libelant. The latter continued this asserted ownership. He purchased and paid for all supplies for the boat and specifically asserted ownership by register-

**174**

ing the boat in the annual yacht rodeo for the year 1935 in the waters of Fort Lauderdale; that fact precipitating the question of ownership, which thereupon became an issue between the parties.

The respondent contends that one of the considerations for the libelant giving him the boat was the fact that he had done work on another craft belonging to the libelant and the latter was indebted to him in a considerable sum of money therefor.

The testimony does not show that any statement for such work was ever presented to the libelant for the respondent or that the former knew of such claim. However, even if it be true that the libelant was so indebted to the respondent and that that was one of the considerations for the gift, it appears from the testimony that no release or satisfaction of the indebtedness, if any, was given by respondent, therefore, the debt was not canceled and the consideration failed.

█ I find that the registration of the boat in the name of the respondent is not conclusive evidence of his ownership. In support of this conclusion, I cite the following:

Lonnberg v. Knox, 123 Misc. 148, 204 N.Y.S. 852: "The register of a vessel at the custom house is not the sole or conclusive evidence of ownership."

Baxter v. Wallace, 1 Daly (N.Y.) 303, 305: "The registration of a vessel at the custom house under a bill of sale, although accompanied by an oath that the person in whose name it is registered is the true and only owner, is not conclusive as to the ownership, the object of the registry being simply to determine the national character of the vessel."

Bradbury v. Johnson, 41 Me. 582, 583, 66 Am.Dec. 264: "The register, therefore, is not, of itself, evidence of property, except so far as it is confirmed by some auxiliary circumstance, showing that it was made by the authority or assent of the person named in it, and who is sought to be charged as owner. Without such connecting proof the register has been held not to be even prima facie evidence to charge a person as owner; and even with such proof it is not conclusive evidence of ownership; for an equitable title in one person may well consist with the documentary title, at the custom house, in another. Where the question of ownership is merely incidental, the register alone has been deemed sufficient, prima facie, evidence. But in favor of the person claiming as owner, it is no evidence at all, being nothing more than his declaration."

█ I further find that there is no clear and unmistakable intention by the libelant to make a gift of the property which is an essential requisite to a valid gift. The following authorities support this conclusion, to wit:

Allen-West Commission Co. v. Grumbles (C.C.A.) 129 F. 287, 290: "Among the indispensable conditions of a valid gift are the intention of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject of the gift in præsenti at the very time he undertakes to make the gift (Lehr v. Jones, 74 App.Div. 54, 77 N.Y.S. 213; Bickford v. Mattocks, 95 Me. 547, 50 A. 894; In re Estate of Soulard, 141 Mo. 642, 657, 659, 43 S.W. 617; Newman v. Bost [122 N.C. 524], 29 S.E. 848, 850); the irrevocable transfer of the present title, dominion, and control of the thing given to the donee, so that the donor can exercise no further act of dominion or control over it (Basket v. Hassell, 107 U.S. 602, 614, 615, 2 S.Ct. 415, 27 L.Ed. 500; Cook v. Lum, 55 N.J. Law, 373, 376, 26 A. 803); and the delivery by the donor to the donee of the subject of the gift or of the most effectual means of commanding the dominion of it."

█ I further find that the burden of proof as to gift was upon the respondent donee and that he failed to carry this burden. The following authorities support this conclusion, to wit:

Whittaker v. Eddy, 109 Fla. 535, 147 So. 868–873:

" 'It may also be stated, generally, that whenever a person obtains by voluntary donation a benefit from another, the onus probandi is upon the former, if the transaction be questioned, to prove that the transaction was righteous, and that the donor voluntarily and deliberately did the act, knowing its nature and effect. Moreover, where the relation of the parties is such that undue influence might have been used, the onus probandi to show that such influence was not exerted, is upon the person receiving the benefit.' Daniell's Chancery Pleading and Practice (4th Ed.) 852."

" 'Indeed, in all cases where the presumption of Law is in favor of a party,

it will be incumbent on the other party to disprove it; though in so doing he may have to prove a negative.' Daniell's Chancery Pleading and Practice (4th Ed.) 851."

" 'In general, it may be taken for granted, that wherever a prima facie right is proved, or admitted by the pleadings, the onus probandi is always upon the person calling such right in question.' Id. 850."

Miller v. Tubb, 202 Ala. 631, 81 So. 573, 574: "The burden of proof was, of course, on her (complainant) as to this matter; and, while she has proof to the effect there was a perfected gift, there is likewise much proof to the contrary, and we are not able to say she has met the burden of proof imposed upon her."

From the foregoing findings of fact and law, I am of the opinion that the boat Kitty C should be awarded to the libelant, as the owner, and that he is entitled to the possession thereof as against the respondent, C. W. King, and that the costs of this case should be taxed against the respondent. A final decree will be entered accordingly.