ELLEN G. COOK v. CHARLES M. LUM, ADMINISTRATOR OF ELLEN GREEN, DECEASED.

A. deposited, from time to time, with B. certain sums of money. A. had no voucher for such deposits, but had in her possession a strip of paper containing a column of figures made by B., the sum total of which corresponded with the aggregate of such deposits. With the exception of a date there was no writing on the paper. A. gave to C., orally, these moneys and delivered to C. the slip of paper in question. *Held*, such gift is invalid, on the ground that the subject of it was not legally delivered.

On special verdict.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *John T. Dunn.*

For the defendant, *Guild & Lum.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.  This case stands before the court on a special verdict, and the problem to be solved involves the legal efficacy of a gift of money.

The circumstances were these: The deceased, Ellen G. Green, who is here represented by her administrator, who is the defendant on this record, deposited with one Kase the sum of $2,316, who thereupon gave to the said Ellen a paper containing in column eight several sums in figures, which were footed up and amounted to the sum just specified.  The paper was dated "July 26th, 1890," and there was no other writing upon it.

, After finding the foregoing facts, the special verdict proceeds as follows: "And the jurors aforesaid further say that except said paper, said John H. Kase never gave to said Ellen Green any evidence of indebtedness from himself to her for said deposit.  *   *   *   That said Ellen Green did actually deliver said paper into the hands of said Ellen G. Cook shortly before her, said Ellen Green's, death.   That said Ellen Green delivered said paper into the hands of said Ellen G. Cook, with the intention of thereby giving to said Ellen G. Cook, for herself, the money in the hands of said John H. Kase."   It was further found that Kase was not informed of the gift until several weeks after the death of the donor.

The general legal principle regulating the subject of gifts of choses in action has long been established.  It is to the effect that with respect to things both tangible and intangible, mere words of donation will not suffice.  With regard to the former class—that is, things corporeal—there must be, in addition to the expression of a donative purpose, an actual tradition of the *corpus* of the gift whenever, considering the nature of the property and the circumstances of the actors, such a formality is reasonably practicable.  In some instances,

when the situation is incompatible with the performance of such ceremony, resort may be had to what has been called a symbolical delivery of the subject.

Touching things in action, as there can be no actual delivery of them, the legal requirement is, that the donor's voucher of right or title must be surrendered to the donee. Such surrender is deemed equivalent to an actual handing over of things corporeal.

To this extent the law of the subject is neither doubtful nor obscure. The difficulty supervenes as soon as the attempt is made to apply these rules to the ever-variant conditions of the cases that are being presented for judicial examination. Even when the thing given has been a personal chattel, whether certain acts show a purpose to give consummated by a delivery of it, has often been, and doubtless will be, a vexed question. The uncertainty in construing the circumstances is even greater when we have rights of action to deal with. There are a multitude of decisions which demonstrate the embarrassment inherent in this class of cases; but as these decisions, while all acknowledging the rules just indicated, are in truth nothing more than interpretations, respectively, of the facts of the particular case, and as such facts are unlike the juncture now present, it would serve no useful purpose to review or cite them in detail. There is no observed precedent, so far as circumstances are concerned, for the matter now before us. Many of these decisions may be found in the *Encyclopædia of English and American Law, tit.* "*Gifts,*" and any person who will examine this long train of cases will at once perceive that the principal difficulty has been to decide whether the evidence in hand in the given case showed a delivery of the subject of the gift in a legal point of view.

But this was a maze not without its clue, for the cardinal principle as to what constituted a delivery that would legalize a gift was on all sides admitted and was generally applied. The test was this, that the transfer was such that, in conjunction with the donative intention, it completely stripped the donor of his dominion of the thing given, whether that thing

was a tangible chattel or a chose in action. The rule does not require that the title of the donee should be formally perfect, although in the earliest decisions this appears to have been indispensable, but now the law is otherwise settled. Thus, the delivery, with donative intention, of non-negotiable notes or bonds affords an apt illustration of the rule in both of its aspects. Such gifts are admittedly valid, although the title of the donee is not ceremoniously perfect, as it wants the finishing touch of a written assignment; but the transaction is validated on the ground that it is possessed of the all-important quality of depriving the donor of all control over the property. After the delivery of such bond or note, the donor can exercise not a single act of ownership with respect to it; he cannot sue upon it nor collect it, nor regain its possession. And it is this absolute abnegation of power that, in a legal point of view, makes the transaction enforceable.

This is the crucial test, and if it be applied to the case in hand this donation is not to be sustained. The reason is that the donor parted with nothing that was essential to his own dominion over the moneys in question. After she had transferred the slip of paper in question her dominion over her deposits remained plainly intact. The paper was in no sense a voucher of the receipt of the moneys; they could have been collected without its production; nor was it necessary to a suit for their recovery. It is impossible to believe that the parties intended this slip of paper, which contained nothing but a line of figures and an addition of them, as a testimonial showing the transaction to which it immediately appertained. It does not appear how the donor became possessed of this paper, but construed intrinsically it has the appearance of having been used for the temporary purpose of showing the aggregate of the several sums on deposit, and it carries on its face no indication whatever that it was drawn or given as a voucher of the indebtedness of the person making it. The delivery of so insignificant a paper as this cannot, in our opinion, operate to legalize the transaction in question.

The defendant is entitled to judgment.