FRED M. ALLEN v. MARY E. ALLEN.

December 22, 1898.

Nos. 11,472—(168).

**Gift Causa Mortis—Delivery.**

The alleged donee of a gift causa mortis was a student in the office of the donor, resided with the latter, and each had a key to the office. The donor, at the residence, stated to the donee that he gave the donee all the office furniture, but did no further act to deliver the same. *Held*, it is not enough that the donee had a previous and continuous possession of the gift. There must be a delivery at the time of the donation. In this case there was no visible change of possession, by symbol or otherwise, at the time of the alleged delivery, which consisted wholly of words, and there was no valid gift causa mortis.

Action in replevin in the district court for Hennepin county against the administratrix of Charles T. Allen, deceased. The cause was tried before Lancaster, J., without a jury, who ordered judgment in favor of plaintiff for the return of the property or for $220, if the same could not be delivered. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Child & Fryberger*, for appellant.

*L. W. Gammons*, for respondent.

CANTY, J.[1]

Plaintiff claims the property in question as a gift causa mortis from his half-brother, Charles T. Allen, deceased. The latter was a practicing physician in Minneapolis, who resided in one place in that city and had his office at another. Plaintiff, a medical student, spent much of his time in that office. He had one key to it, and Charles T. had the other. Plaintiff resided with Charles T.

On Sunday, December 28, 1897, plaintiff went from the residence to the office, "in the usual course of business, and was there in the ordinary way." Charles T. remained at the residence, and took a dose of morphine with intent to commit suicide. He then telephoned plaintiff, and told the servant girl:

[1] BUCK J., heard the argument, but declined to take part in the decision.

"Take a message and tell him [plaintiff] that he [Charles T.] gave all his things and instruments and books and bones and furniture in the office to his brother [plaintiff]."

Plaintiff immediately returned to the residence, and Charles T. then said to him: "I want you to have all my things in the office." Charles T. soon after became unconscious from the effects of the drug he had taken, and died the same evening. Plaintiff did not again return to the office until the following Tuesday.

Defendant, the administratrix of Charles T., took possession of said office furniture and other articles, and this action was brought to recover the same.

The case was tried by the court, a jury having been waived. The court found for plaintiff, and, from an order denying a new trial, defendant appeals.

We are of the opinion that there was no sufficient delivery of the property to plaintiff to constitute a gift causa mortis. In order to constitute a valid gift causa mortis, (1) the gift must be with a view to the donor's death; (2) it must be conditional, to take effect only on the donor's death by his existing illness; and (3) there must be an actual delivery of the subject of the donation. French v. Raymond, 39 Vt. 623; 3 Pomeroy, Eq. Jur. (2d Ed.) p. 1146, § 11. It is not enough that the donee had a previous and continuous possession of the gift. There must be a delivery to him at the time of the donation. Cutting v. Gilman, 41 N. H. 147; Miller v. Jeffress, 4 Grat. 472; French v. Raymond, supra; Drew v. Hagerty, 81 Me. 231, 17 Atl. 63; 8 Am. & Eng. Enc. 1349.

In this case there was no visible change of possession, by symbol or otherwise, at the time of the alleged donation. Plaintiff did not have possession, either actual or apparent, before, and he did not have apparent possession afterwards. The physical facts and conditions remained the same. The alleged delivery consisted wholly of words. Plaintiff's alleged possession was no more apparent afterwards than it was before. We therefore hold that there was no valid gift causa mortis. This renders it unnecessary to consider any other question in the case.

The order appealed from is reversed, and a new trial granted.