M. L. MURPHY and Another v. ANNA BORDWELL.[1]

April 26, 1901.

Nos. 12,475—(59).

### Deposit in Name of Donor—Gift—No Transfer by Bank.

A gift of money in a bank, on deposit in the donor's name, may be legally executed by the person making such gift, although the credit of the deposit is not changed on the books of the bank, but continues in the name of the donor, provided, in the absence of fraud, there is some substantial act of the donor giving the donee the right to have such money absolutely.

### Same—Power of Attorney.

A power of attorney to the donee from the owner of such deposit, giving a right to draw the same from the bank in the name of the donor, but with a purpose not expressed in the instrument to confer dominion over such deposit to the donee, may effectuate such gift and consummate the same, under the facts as found in this case.

### Evidence.

Evidence considered, and *held* to support the findings of the trial court, and that such findings support the conclusion that there was an executed gift from defendant to the claimant.

Action in the district court for Washington county against Anna Bordwell, defendant, and Lumberman's National Bank, garnishee. The garnishee having disclosed a balance due defendant of $335.75, Mary Grant filed a complaint in intervention, in which she claimed to be the owner of the entire sum. Plaintiffs answered and the issues so framed were tried before Williston, J., who directed judgment for intervenor. From an order denying a motion for judgment and from an order denying a motion for a new trial, plaintiffs appealed. Affirmed.

*F. V. Comfort*, for appellants.

*H. H. Gillen*, for respondent.

LOVELY, J.

Plaintiffs recovered judgment against the defendant Anna Bordwell. Upon proceedings for garnishment in the district court for

[1] Reported in 85 N. W. 915.

Washington county, a summons was served on the Lumberman's National Bank of Stillwater as garnishee, and made returnable before the clerk to secure for plaintiffs the benefit of property belonging to the defendant in the possession of the bank. At the time designated, plaintiffs appeared before the clerk, also the garnishee, by its cashier, who was sworn for the bank, and disclosed that there was in its possession, at the time of the garnishment, $335.75, deposited in the name of the defendant. At the same time Emma Grant, the claimant, also appeared, asserted a claim to this deposit, asked leave to file her complaint in intervention, and be allowed to make good the same to the fund in the hands of the garnishee. No further action was taken upon this request before the clerk. Afterwards, in proceedings before the district court, plaintiffs moved for judgment. The claimant also moved for leave to file complaint in intervention.

The court denied the motion for judgment, and permitted the claimant to intervene, which she did, alleging that at the time of the service of the garnishee summons she was the actual owner of the deposit. Plaintiffs answered, alleging that defendant was the owner of the same. Upon the issue thus made up a trial was had. Findings of fact and law in favor of the claimant were made by the trial court, in which it was found, in brief, that the funds in the bank had been deposited in the name of the defendant, and before the judgment had been rendered they had been donated by the defendant as a gift to the claimant, Emma Grant, who accepted the same, and was at the time of the garnishment the owner thereof. A motion for a new trial by plaintiffs was overruled, from which order plaintiffs appeal to this court.

The only question discussed under the assignments of error is the sufficiency of the evidence to sustain the finding of fact to the effect that the money standing as a deposit in the name of defendant, Anna Bordwell, was in reality the property of the intervening claimant, and, if the evidence supports this finding, the order of the trial court should be sustained. The evidence reasonably tends to show that defendant, who was the mother of claimant and another daughter, had received by will from a deceased husband, the father of both daughters, the sum of $900;

that defendant deposited the same in her own name in the Lumberman's National Bank, intending to donate the same to her daughters, upon the equitable consideration that it should be justly distributed between them on account of their relationship to their deceased father.

One of the daughters was an invalid, and defendant drew $500 of the deposit from the bank to use in taking her to a health resort. At that time the mother was in the bank with claimant, and expressed a present purpose to give the claimant the remaining $400, and, to carry out that intent, directed the cashier of the bank to make out the necessary writings to enable her to do so. The conversation that occurred at this time between defendant and claimant, as detailed by both, is to the effect that there was an intention to make a gift of this $400 to the claimant, and that the effective method by which the same was to be transferred was left to the cashier. The cashier wrote out a power of attorney from the defendant to the claimant, authorizing the latter, in the mother's name, to draw her share from the bank, without restriction as to amount or time.

The mother, in her statement before the court, insisted that she knew nothing of the effect of this instrument, but executed it supposing that her intent to give the money deposited to her daughter had been accomplished by that act. The cashier knew nothing of the gift, and supposed that the money on deposit in the name of the defendant was her property, and continued the same to the mother's credit on the books of the bank, but gave to the claimant a check book. The mother left the city immediately thereafter.

From time to time the claimant drew sums from the bank on the checks, which were each time, as the same were used, filled out by the cashier, claimant signing her mother's name, by herself as agent, but she appropriated such sums, with no objection from her mother, to her own use, and it appears that the defendant never received nor made any claim thereafter to any portion of this deposit. The checks signed by the daughter, as above indicated, were all written by the cashier at her request, and it appears from the statements of the defendant, as well as the claim-

ant, that they were ignorant of the legal effect of the power of attorney or of the check book, but supposed that the gift had been completed, and that the deposit was the property of the claimant. There is no evidence to show a purpose on the part of the defendant to defraud the owner of the judgment or other creditors.

The above is a fair statement of the result of the evidence most favorable to the facts found by the court, in which light we must regard the same, and the only question we can consider upon this appeal is whether the finding of the trial court that there was a valid gift from the defendant to the claimant of the deposit is supported by evidence.

It is insisted for the plaintiffs that there was no delivery of the $400 to the claimant, or acceptance of the same by her,—that the intention to make a gift had not been consummated. Since there is no proof of a fraudulent intent on the part of the defendant to dispose of the $400 by gift to her daughter, which, under the circumstances, was a natural and humane intention, in view of the fact that it was a part of the estate of the claimant's father, and might well have been dictated by a natural sentiment of justice and affection by the mother, the simple question arises whether enough was done by the mother to constitute a delivery of the gift and acceptance by the daughter, and this, as between the mother and daughter, cannot be affected in this case by any interest of third parties seeking to collect a claim against the mother.

While it is true that a promise or intention to make a gift in the future, without any act to effectuate the same, will not constitute a donation, yet any substantial act on the part of the owner of property, tending to carry the gift into effect, and give the donee dominion over the property so that she can appropriate it to her use, will, in the absence of fraud, support such gift. 2 Schouler, Pers. Prop. 92; Fletcher v. Fletcher, 55 Vt. 325; Ross v. Draper, 55 Vt. 404; Estate of Malone, 13 Phila. 313; In re Schmidt's Estate, 56 Minn. 256, 57 N. W. 453.

While the credit to the mother was not changed on the books of the bank, yet the power of attorney, and the delivery of the

check book to the daughter, and her use and appropriation of a part of the money so drawn from the bank, according to the intention of the mother, were acts by which her authority to draw the whole sum, either then or thereafter, from the bank, completed the gift.

The retention by the bank of the deposit in the mother's name is not conclusive as to the ownership of the property. Ingersoll & Co. v. First Nat. Bank, 10 Minn. 315 (396). Whether it was a fact, as between mother and daughter, that the credit in the mother's name was continued from a misunderstanding by the cashier in drawing the power of attorney, or the apparent agency of the daughter in drawing the money thereon, is opposed to an executed intention by the mother to give the same to her daughter, we must hold that there might have been sufficient investiture of the dominion of the property in the daughter by these acts to execute the gift. That there was such a purpose and intent has been found by the trial court upon sufficient evidence, and the gift must be sustained.

The order of the trial court is affirmed.