BENJAMIN H. WINSLOW v. MARY E. McHENRY.[1]

December 23, 1904.

Nos. 14,063—(130).

**Gift.**

The plaintiff's intestate made a deposit in a bank, taking a certificate therefor to the effect that he had deposited $2,100, payable to the order of himself or wife upon the return of the certificate properly indorsed. His declared purpose in so depositing the money was to enable his wife, the defendant, to collect it in case of his death. He retained possession of the certificate during his life, and after his death the defendant ob-

[1] Reported in 101 N. W. 799.

tained possession of, indorsed, and collected it. This action was brought by the administrator to recover the money so collected. *Held*, that the findings and decision of the trial court to the effect that there was no gift, either causa mortis or inter vivos, of the money to the defendant, are sustained by the evidence.

Appeal by defendant from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial. Affirmed.

*Theo. Bruener,* for appellant.

*F. M. White, Reynolds & Roeser,* and *Hubert Hansen,* for respondent.

STABT, C. J.

Action by the administrator of the estate of Henry B. McHenry, deceased, to recover from the defendant $2,100 and interest; being the amount collected by her on a certificate of deposit for that amount issued by the Old Bank of St. James, Minnesota. This certificate was dated October 30, 1901, and, so far as here material, was in these words:

> Henry B. McHenry has deposited in this bank two thousand one hundred dollars payable to the order of himself or wife upon the return of this certificate properly indorsed.

The complaint alleged, in effect, that Henry B. McHenry died intestate March 11, 1902, and at the time of his death was the owner and in possession of this certificate; that thereafter the defendant obtained possession thereof, and collected it from the bank, receiving thereon $2,117 as principal and interest; and further that the plaintiff was duly appointed administrator of the estate of the deceased, and demanded from the defendant the money so collected by her, which she refused to pay to the plaintiff.

The answer denied that the plaintiff's intestate was the owner of the certificate at the time of his death, and alleged that the defendant was the wife of the intestate, and the person referred to in the certificate as his wife, and that she was the owner of the certificate, and entitled to the money represented by it.

The case was tried by the court without a jury, and findings of fact made to the effect that the defendant was never the owner of the

certificate of deposit, but that the plaintiff's intestate was at the time of his death the owner and in possession of the certificate; and, as a conclusion of law, judgment was directed for the plaintiff. The defendant appealed from an order denying her motion for a new trial.

Practically the only question presented by the record is whether the findings of the trial court are sustained by the evidence. If the undisputed evidence establishes a gift causa mortis of the certificate to the defendant, the findings are not sustained by the evidence; otherwise they are. There is little, if any, conflict in the evidence, which is ample to establish these facts: The intestate was the owner of $2,100, and on October 30, 1901, he went, with the defendant, to the bank, having the money with him. He there introduced to the cashier of the bank the defendant as his wife, and stated that he desired to have the money deposited in the name of himself and wife, so that, if he should die, she could collect it. He then deposited the money, and the certificate of deposit in question was made and delivered to him by the cashier. The intestate's health was then impaired, and so continued to be until March 11 following, when he died. Upon receiving the certificate from the cashier, the intestate put it in his pocket, and when he reached home he put it in his trunk, to which there were two keys, one of which the defendant had. It remained until after his death in his trunk, when the defendant took it therefrom, indorsed it, and received the amount thereof from the bank.

These facts do not, as a matter of law, establish a gift causa mortis or inter vivos of the money represented by the certificate to the defendant. On the contrary, they fully sustain the findings of the trial court. To constitute a gift causa mortis, three things are essential: It must be made in expectation of the donor's death, he must die of the disorder or peril existing or impending at the time the gift is made, and there must be a delivery of the thing given. Allen v. Allen, 75 Minn. 116, 77 N. W. 567; Davis v. Kuck, supra, page 262. Now, waiving all other questions, it is clear from the evidence that there was no delivery of the certificate or the money it represented to the defendant. The money was not deposited in her name or for her. Unless the certificate was delivered to her, so that she could indorse and present it for payment, she could not control or secure the money. But the evidence is practically conclusive that the intestate kept pos-

session and control of the certificate as long as he lived, and that he never actually or constructively delivered it to the defendant at any time; hence at no time before his death was dominion or control over the deposit or the certificate given to or vested in the defendant.

For the same reason, if for no other, there was no gift inter vivos of the money or certificate to the defendant. The case of Murphy v. Bordwell, 83 Minn. 54, 85 N. W. 915, cited and relied upon by counsel, is not here in point. In that case the trial court found, in effect, as a fact, that the donor's intention to make a gift of money in a bank on deposit in her name was effectuated by an act whereby dominion over the money and the absolute right to it were conferred upon the donee, or, in other words, that there was a delivery of the thing given; and this court held the finding sustained by the evidence. But in this case the trial court did not find any delivery of the thing alleged to have been given. Nor did the evidence, as a matter of law, require such a finding.

Order affirmed.