Affirmed.

---

## J. ED. NELSON v. HANS O. OLSON.[1]

May 28, 1909.

Nos. 16,108—(112).

**Declaration of Deceased Person — Interest of Witness.**

A legatee under the provisions of a will was permitted to testify in

[1] Reported in 121 N. W. 609.

support of a gift which depended upon certain declarations of the testatrix after the execution of the will. *Held*, the witness had no direct interest in the result of the controversy adverse to the estate, and was not prohibited from testifying by section 4663, R. L. 1905.

**Gift Inter Vivos.**

The testatrix executed a will whereby she bequeathed all of her property to her five sisters, subject to certain special bequests. A farm, which constituted the principal part of her estate, was sold after the execution of the will, and the proceeds thereof were deposited in a bank by her agent, and certificates of deposit taken in her name and given to her personally by the agent; she then being confined to her bed by sickness. The next day she sent for her father, and gave him the certificates, and requested him to give them to her sisters. He kept them two weeks, and then placed them in the bank for safe-keeping, where they remained until after her death, which occurred within thirty days from the time he received them from her. *Held*, the evidence supports the conclusion of the jury that there was a gift inter vivos.

Action in the district court for Kandiyohi county by the executor of the last will and testament of Christine Englund, deceased, to recover $5,700 belonging to the estate of decedent and in the possession of defendant. The answer set up the gifts mentioned in the opinion. The case was tried before Qvale, J., and a jury which returned a verdict in favor of plaintiff for $712.73. From an order denying plaintiff's motion for judgment in his behalf for the sum of $5,712.73 notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Geo. H. Otterness, Samuel Porter* and *Daniel Fish*, for appellant.
*Reynolds & Roeser* and *W. F. Ewert*, for respondent.

LEWIS, J.

This action was commenced by the executor of the last will and testament of Christine Englund to recover from respondent the amount of $5,700, alleged to belong to her estate. The will was executed January 14, 1908, and her entire property, subject to certain special bequests, was bequeathed to her five sisters, with the declaration that her husband was intentionally omitted from the provisions of the will. Her property consisted principally of a farm, which, subsequent to the execution of the will, was sold, and $5,000

of the proceeds was deposited in a local bank by the real estate agent who conducted the sale, and certificates of deposit for that amount were taken and delivered by the agent to Mrs. Englund. Shortly after the certificates were delivered to her, she gave them to her father, the respondent here, and requested him to deliver them to her five sisters. Mrs. Englund died about a month after the certificates were given to respondent. Respondent interposed the defense that the sisters acquired title by gift. At the trial, by agreement of parties, the burden of proof was assumed by respondent, and the following evidence was received in support of the gift:

Respondent testified that Mrs. Englund died on February 20, 1908; that, a day after the certificates had been given to Mrs. Englund by the real estate agent, respondent was informed by his wife that Mrs. Englund had requested that he come and see her; that he then and there received from her own hand an envelope inclosing certificates amounting to $5,000; that he kept the same in possession for about two weeks, and then deposited them in the Bank of Willmar for safe-keeping, where they had remained up to the time of the trial. The assistant cashier of the bank testified that Mr. Olson brought the papers to the bank, and stated that he wanted to leave those papers of Mrs. Englund there for safe-keeping, and that the witness indorsed on the envelope: "Certificates of deposit of Mrs. Christine Englund."

Miss Betsy Nelson, a young woman eighteen years of age, testified that she had lived in the family of Mrs. Englund for fourteen years and up to the time of her death; that she was present when Mr. Johnson, the real estate agent, brought the papers in an envelope and delivered the same to Mrs. Englund, who put the envelope under her pillow; that the next morning Mrs. Englund handed the envelope containing the certificates to respondent and said, "I give you these papers to divide between my five sisters;" that Mr. Olson took the papers and said, "I will." This witness also testified that after the execution of the will she heard Mrs. Englund say, "The money I get from my farm shall be divided between my five sisters."

At the close of the case the court was requested to instruct the jury to return a verdict in favor of the appellant for the $5,000 involved in this controversy, and also for the sum of $700, the value of cer-

tain other property also in respondent's possession. The court directed the jury to return a verdict for appellant for $700, but submitted to the jury the question whether there was a gift of the $5,000 in certificates, as claimed by respondent. The jury having found for respondent upon the question of gift, a motion was made for judgment notwithstanding the verdict, and, in case the motion should be denied, then for a new trial. The motion was based on the grounds: (1) Error of law occurring at the trial; (2) that the verdict referred to herein is not justified by the evidence and is contrary to law; (3) that the court erred in refusing to direct a verdict for the respondent.

Upon this appeal the following assignments of error were made: Error (1) in overruling plaintiff's objection to the testimony of Betsy Nelson touching the conversation between defendant and Mrs. Englund when the certificates were delivered; (2) in denying plaintiff's motion at the close of the testimony for a directed verdict in his favor in the full amount sued for; (3) in denying plaintiff's motion in the alternative for judgment notwithstanding the verdict or for a new trial. This eliminates all inquiry into the correctness of the court's instructions, and presents two questions only: First, the admissibility of the testimony of Betsy Nelson; second, is it manifest from the evidence that there was not a completed gift?

1. The certificates of deposit were the proceeds from the sale of decedent's farm, which constituted all of her property at the time of the execution of the will, with the exception of some household effects and about $700 worth of other property. The will was admitted to probate, subject to the statutory rights of her husband, and contained a bequest of $400 to Betsy Nelson. She was not one of the five sisters, and not directly interested in the gift, if it be sustained. On the contrary, if the gift fail and the will stand, she would be benefited to the extent of $400. It was not only against her interest to testify in support of the gift, but she was not a person interested in the event of the action, within the meaning of section 4663, R. L. 1905. The person referred to in that statute is one who has an immediate pecuniary interest adverse to that of the party against whom the testimony is offered. This witness was not a party

to the action, and she had no direct interest in the result of it adverse to the executor.    Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817.

2. We consider the evidence sufficient to establish a gift inter vivos. The real question is whether respondent was constituted the agent of the sisters for the purpose of delivering the certificates of deposit to them.    If it was the intention of Mrs. Englund to immediately vest the title to the certificates in her sisters at the time she delivered them to her father, then the gift was complete.    If it was not her intention to pass the title until delivery by the father to the sisters, then respondent was her agent, and the gift failed for nondelivery. Although Mrs. Englund was ill and in bed at the time the certificates were given to respondent, it does not appear that her sickness was fatal, and respondent makes no claim that the gift was causa mortis. But the fact that she was sick in bed, and died within a month after giving the certificates to respondent, may be considered in connection with all the evidence in determining what her intention was.    By the terms of the will these five sisters were made the principal beneficiaries, and Miss Nelson testified that Mrs. Englund had stated, after the execution of the will, that it was her purpose to give them the proceeds of the farm.    It has been suggested that there could not have been an intention to divest herself of all title to the certificates, for the reason that she was stripping herself of her means of livelihood, and for the further reason that respondent did not treat the transaction as an executed gift, because he retained the certificates in his possession, and finally deposited the same in the bank for safe-keeping in the name of Mrs. Englund.    These are pertinent suggestions, worthy of careful consideration; but they are not necessarily controlling.    It was not essential that the certificates be immediately delivered into the hands of the donees, nor prior to Mrs. Englund's death.    Delivery may be accomplished through the medium of a third person, provided such person is designated as the agent of the donee for that purpose.    The gift did not fail if it were intended that the certificates should not be delivered until after her death, provided it was the donor's intention that the title should vest in the donees at the time of delivery by the designated agent.    From all that occurred, the jury were entitled to draw the conclusion that it was Mrs. Englund's intention to pass the title at the time she gave the

certificates to .her father.   Murphy v. Bordwell, 83 Minn. 54, 85 N. W. 915, 52 L. R. A. 849, 85 Am. St. 454; Varley v. Sims, 100 Minn. 331, 111 N. W. 269; 8 L. R. A. (N. S.) 828, 117 Am. St. 694; Thornton, Gifts & Adv. c. 1.   In Winslow v. McHenry, 93 Minn. 507, 101 N. W. 799, 106 Am. St. 448, and Bickford v. Mattocks, 95 Me. 547, 50 Atl. 894, the gift was not sustained; but both decisions illustrate the principles which govern gifts inter vivos.

Affirmed.