[S. F. No. 7295.  In Bank.—October 31, 1917.]

EDSON F. ADAMS, as Executor, etc., Appellant, v. MERCED STONE COMPANY (a Corporation), Respondent.

GIFT—CHOSE IN ACTION—CONSTRUCTION OF CIVIL CODE.—Section 1147 of the Civil Code contemplates that to make an oral gift of a chose in action valid, the donor, unless there is an actual or symbolical delivery of the thing, shall himself do something at the time of making the gift which shall have the effect of giving the donee the "means" of obtaining control and possession; it is not enough that the thing was already in the donee's possession at the time of the gift.

ID.—CHOSE IN ACTION NOT EVIDENCED BY WRITTEN INSTRUMENT — NECESSITY FOR ASSIGNMENT.—In order to make a valid gift of a chose in action not evidenced by a written instrument, there must be a written assignment or some equivalent instrument, whether the gift be intended as a gift *inter vivos* or a gift in view of death.

ID.—MEANS OF OBTAINING CONTROL — POWER MUST EMANATE FROM DONOR.—Where the purported gift was a debt or demand due to the donor by a corporation, the fact that the donee was the president and a director of the corporation and had exclusive control of its books of account, including the physical power and official authority to make or direct entries and transfers therein, to show that the indebtedness was due to him and not to the donor, was insufficient. This power did not emanate from the donor. To make such a gift valid there must be something emanating from the donor which operates to give the donee the means of obtaining possession and control.

APPEAL — FINDINGS OF FACT — CONCLUSIONS OF LAW—VARIANCE.—In this case certain probative facts found by the trial court were held not to support the ultimate fact of a valid transfer by way of oral gift.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Marcel E. Cerf, Judge.

The facts are stated in the opinion of the court.

Corbet & Selby, J. P. O'Brien, and Snook & Church, for Appellant.

A. L. Frick, Wm. S. Wells, Jr., Chapman & Trefethen, and R. H. Countryman, for Respondent.

SHAW, J.—The plaintiff appeals from a judgment in favor of the defendant and from an order denying his motion for a new trial.

The complaint states a cause of action against the defendant, in favor of the decedent Thomas Prather, upon an indebtedness alleged to be the sum of $112,965.84. The defendant in its answer denied the existence of any indebtedness from it to said Thomas Prather at the time of his death, and on information and belief alleged that prior to his death said Thomas Prather made a gift of said indebtedness, due from the defendant to Thomas Prather, to one Samuel D. Prather, and that said Samuel then became and ever since has been the owner of said indebtedness.

The court found that during the last sickness of Thomas Prather, to wit, on April 17, 1913, said Thomas Prather made a gift to his brother, Samuel D. Prather, of all of the indebtedness due from the defendant to said Thomas, being the indebtedness sued for by the plaintiff herein; that at that time Samuel was the president, the general manager, and a member of the board of directors of the defendant, said defendant being a corporation, and that Thomas Prather knew that Samuel held said offices and by reason thereof had full and exclusive charge and control of defendant's books of account, including power to make or direct the making of entries and transfers in said books, and knew that by reason thereof Samuel D. Prather had the means of obtaining possession and control of the said indebtedness so given to him. The court further stated that by reason of the fact that Thomas Prather had this knowledge at the time he gave the indebtedness to Samuel, he therefore at that time gave to said Samuel

the means of obtaining possession and control of the thing given, that is, of the said indebtedness. This last statement is, of course, a mere conclusion from the facts previously stated. The appellant contends that the transaction as stated in the findings did not constitute a valid gift of the indebtedness in question, and that the finding, so far as it states the ultimate fact of such gift, is contrary to the evidence.

It is conceded that at the time of the asserted gift Thomas Prather knew that Samuel D. Prather held the offices above mentioned, and that it was within his official power by reason thereof to make sufficient changes upon the books of account of the defendant to make them show that the said indebtedness had been transferred by Thomas Prather to Samuel D. Prather, and was owing by the defendant to Samuel D. Prather, instead of Thomas Prather. It is admitted that the asserted gift was made during the last sickness of Samuel Prather, two days before his death, which event occurred on April 19, 1913, and was therefore a gift in view of death. (Civ. Code, sec. 1150.) It is also admitted that no change was made upon the books of the defendant regarding said indebtedness up to the time of the trial of this action, and that when the action was begun the account-books of the defendant showed it to be indebted to the said Thomas Prather in the sum claimed in the complaint. The only evidence of the gift asserted in the answer is found in the testimony of Samuel D. Prather, and is as follows:

"In talking business matters my brother said to me, 'Now, in reference to the account of Thomas Prather in the Merced Stone Company, I want to give you that account, all that is due me from that account. I don't know just how to do this, but I give it to you.' . . . A little further in the conversation my brother said to me, 'I give you the keys to my office, the combination of my safe and keys to my desk, and with these I give you all accounts, books, papers, letters, documents, furnishings, pictures, everything that belongs to me in that office. It is yours.' " This he said occurred on April 17, 1913.

The case depends upon the meaning and effect of section 1147 of the Civil Code, which reads as follows: "A verbal gift is not valid, unless the means of obtaining possession and control of the thing are given, nor, if it is capable of delivery,

unless there is an actual or symbolical delivery of the thing to the donee.''

The contention of the respondent is that this section is complied with in every case of gift of a chose in action where, at the time the donor makes such gift, he knows that the donee has it within his power to secure the possession and control of the thing given, and that in such a case no delivery or transmission from the donor to the donee of the means of obtaining possession and control of the subject of the gift is necessary.    We do not think this is the correct construction of the section quoted.    It contemplates that the donor shall do something at the time of making the gift which has the effect of placing in the hands of the donee the means of obtaining the control and possession of the thing given.    That the fact that the thing was already in possession of the donee at the time of declaring the gift is not enough, is well settled by the authorities.    (*Denigan* v. *Hibernian etc. Society,* 127 Cal. 137, 141, [59 Pac. 389] ; *Smith* v. *Zumbro,* 41 W. Va. 623, [24 S. E. 653] ; *Drew* v. *Hagerty,* 81 Me. 231, [10 Am. St. Rep. 255, 3 L. R. A. 230, 17 Atl. 63] ; *Allen* v. *Allen,* 75 Minn. 116, [74 Am. St. Rep. 442, 77 N. W. 567].)

In order to comply with the section, the ''means'' must be ''given.''    In the connection in which these words occur the effect is that such means must be given by the donor to the donee.    This giving of the means is authorized, where the thing given is not capable of delivery, as a substitute for the actual or symbolical delivery of the thing by the donor to the donee required in cases where such thing is capable of delivery.    No good reason can be given for supposing that a transmission or delivery by the donor to the donee of the means was not intended to be as essential in the case of intangible property as the delivery, actual or symbolical, of the thing itself, where it is tangible.    In the case of a chose in action not evidenced by a written instrument, the only means of obtaining control that is recognized by the authorities is an assignment in writing, or some equivalent thereof.

''According to the weight of authority, in order to make a valid gift *inter vivos* of a chose in action not evidenced by a written instrument, there must be a written assignment, or some equivalent instrument.''    (20 Cyc. 1202.)    ''A written assignment of the demand by the donor to the donee is essen-

tial to complete the delivery'' in the case of gifts *causa mortis.*
(20 Cyc. 1237; 14 Am. & Eng. Ency. of Law, 1022.)

"If the thing be not capable of actual delivery, there must
be some act equivalent to it.  The donor must part not only
with the possession, but with the dominion of the property.
If the thing given be a chose in action, the law requires an as-
signment, or some equivalent instrument, and the transfer
must be actually executed.''  (2 Kent's Commentaries,
*p. 439 )  This passage from Kent was quoted and approved
in *Driscoll* v. *Driscoll*, 143 Cal. 528, 534, [77 Pac. 471], and in
*Giselman* v. *Starr,* 106 Cal. 651, 657, [40 Pac. 8].  In *Cook*
v. *Lum,* 55 N. J. L. 373, [26 Atl. 803], the court said that
the test of an effectual gift was this: ''That the transfer was
such that, in conjunction with the donative intention, it com-
pletely stripped the donor of his dominion of the thing given,
whether that thing was a tangible chattel or a chose in ac-
tion.''  To the same effect was *Ewing* v. *Ewing,* 2 Leigh
(Va.), 344; *Shepard* v. *Shepard,* 164 Mich. 183, [129 N. W.
201]; *McMahon* v. *Newton Sav. Bank,* 67 Conn. 79, [34 Atl.
709], and many other cases.  That section 1147 was not in-
tended to change the law respecting the necessity of an as-
signment, or its equivalent, to make a valid gift of a chose
in action, not itself evidenced by a writing, is shown by the
fact that in the annotated edition of the code, edited by the
committee that prepared it, there is cited to support the sec-
tion, *Hunter* v. *Hunter,* 19 Barb. (N. Y.) 631, in which case
the above passage from Kent is quoted and approved.

In the present case it is true that Samuel D. Prather was
possessed of the physical power and of the official authority
by reason of his relation to the defendant to make the neces-
sary changes on its books to show that the indebtedness was
due to him and not to the decedent.  But this power did not
emanate from the decedent.  Samuel possessed it before the
asserted gift as well as after.  The decedent did not even
authorize him to make such changes, nor suggest that the gift
might be effected in that way.  It was not shown that such
method was in the mind of the donor.  The fact that it was
a book account, or that a change might be made in the name
of the debtor, was not even mentioned in the conversation.
The law intends something more than a mere power to make
physical entries in the books of the debtor in such a case.
The authority to make the change, or cause it to be made,

must be vested in the debtor by reason of some act or direction of the creditor. If verbal gifts could be made in such loose manner as this, it would open the door to innumerable frauds and perjuries. For this reason the authorities hold that something more than mere physical power is necessary; something more than the previous possession of the property or of the means of obtaining it; something emanating from the donor which operates to give to the donee the means of obtaining such possession and control.

The case is not different in principle from *Pullen* v. *Placer County Bank,* 138 Cal. 170, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83]. In that case a father gave to his son a check for one thousand dollars upon the bank, with the intention of making to him a gift of that amount of money. After delivering the check to the son the father stated that he wished he would not present it until after his death. The son awaited his death and then presented the check, which the bank refused to pay, on the ground that the death of the father revoked it. The court said: "In the present case the gift was verbal, and the property which the father intended to give to his son was money on deposit in the bank. The check was not itself the property which the father intended to give, but was merely a direction to the defendant to pay one thousand dollars to the son. It indicated the amount to be given and the place at which the money was to be delivered. The check was not a symbolic delivery of the money, but it was a delivery of the means by which the son could obtain possession of the money. It was, however, subject to revocation by the father at any time before its presentation to the bank, and was in fact revoked by his death. The request of the father that the son would not present the check until after his death did not affect the sufficiency of the gift. If the gift were complete by his delivery of the check, such subsequent request would not destroy its validity, and if not then complete, this request would not have the effect to dispense with its presentation for the purpose of making it complete. By the failure of the son to present the check, there was no delivery of the money during the lifetime of the father, and the gift was therefore not complete." The mere delivery of an order for the payment of a debt is therefore not sufficient to make a complete gift thereof. In the present case there was not even the delivery of an order, nor any suggestion thereof.

All that was done was to declare the present intention to give the indebtedness to Samuel D. Prather. No means whatever were delivered by the donor to the donee by which the latter could obtain payment of the indebtedness. The fact that Samuel D. Prather was the managing officer of the defendant and had power to change its books did not make the gift effectual. The indebtedness was due from the defendant and not from Samuel D. Prather, and it was necessary that the defendant should have some authority from Thomas Prather before it could legally make a change upon the books of the company to show the change in the indebtedness. Thomas Prather gave no such authority to his brother or to any other person.

The conclusion of the court below upon the facts found was not in accordance with the law, and its finding of the ultimate fact that Thomas Prather transferred the debt to Samuel D. Prather by way of a verbal gift is not supported by the evidence. Consequently the judgment and order cannot be upheld.

The judgment and order are reversed and the cause is remanded, with directions to the court below to enter judgment upon the findings in favor of the plaintiff for the amount prayed for.

Sloss, J., Henshaw, J., Melvin, J., and Angellotti, C. J., concurred.