## WHITTELL v. McLAUGHLIN, Collector of Internal Revenue.

District Court, N. D. California, S. D., Second Division.

No. 17758.

Platt Kent, Cushing & Cushing, and Walter Slack, all of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., for defendant.

BOURQUIN, District Judge. Plaintiff sues to recover part of gift taxes by her paid, on the theory that by mistake she had overvalued the gift.

It appears that in 1924 she and her son George incorporated the Whittell Investment Company to hold, manage, and own their properties by them, and as heirs derived from and in the estate of her deceased husband, distributed and undistributed. To that end they took to themselves all the capital stock of said corporation, in exchange for all said properties. In so far as the undistributed part of said estate is concerned, although no formal deed of assignment was by her executed, and executors of whom George, but not she, was one, had exclusive custody and control of the estate, the books of said corporation contained entries of the fact, the assignment was a fact, and its existence is inferable from the conduct of the parties to it, both treating it as a fact accomplished. Of this estate, she was entitled to three-fourths, George one-fourth, and the stock of said corporation issued to them in like proportions.

Thereafter, and in June, 1924, she gave George one-fourth of said stock, to equalize their interests in the properties. In her tax return thereof she took into account and included the value of the undistributed part of said estate, and paid gift taxes accordingly. Subsequently thereto the remainder of the estate, consisting of corporate securities, was finally distributed to her and George, and by them transferred to said corporation. Her contention is that, when the gift was made,

the corporation had no ownership of the undistributed portion of the estate, that the assignment not in writing was invalid, that in consequence the stock and gift were overvalued to the extent of said undistributed portion of the estate, and the tax to that extent was by mistake excessive and paid. In support thereof she cites Adams v. Merced Stone Co., 176 Cal. 415, 178 P. 498, 3 A. L. R. 928, a case of unexecuted gift, invalid by statute. That case is inapplicable. Here, the assignment of the undistributed portion of the estate, by plaintiff and George made to the corporation, was not a gift, but a sale for a full consideration by the vendors received. It served to then presently vest the corporation with the right to receive, as it did the remainder of said estate when distributed. Like any assignment, in absence of statute, no particular form was necessary, and by parol sufficed in the circumstances. Between the parties it was valid and effective, and none other's rights are involved.

Moreover, defendant is not liable in any event. He merely accepted plaintiff's representations, valuation, and payment voluntarily made, and, in due course of his agency for the United States, paid the money into the public treasury. Having committed no wrong towards plaintiff, he is not liable to indemnify her mistake. Though the United States receiving the money might be liable (and whether recovery for such "mistake" is within the statute is assumed but not decided), defendant without it is not. He was merely the innocent victim of plaintiff's blunder, and upon no valid principle can he be mulcted for plaintiff's fault. See Smietanka v. Indiana Steel Co., 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99.

Judgment for defendant. The latter will prepare findings accordingly.