[Civ. No. 19597.   First Dist., Div. Two.   Mar. 15, 1962.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Conservator, etc., Plaintiff and Appellant, v. C. C. COTTRELL et al., Defendants and Respondents.

Rankin, Oneal, Luckhart & Center and William A. Ingram for Plaintiff and Appellant.

C. C. Cottrell, in pro. per., Nino & Filice and William G. Filice for Defendants and Respondents.

KAUFMAN, P. J.—The appellant, in its capacity as the duly appointed conservator of the estate of Mrs. Leola Slaven, filed its complaint in this action for declaratory relief to determine the rights and duties of the parties with respect to a promissory note executed by the respondent, Lola St. John, and subsequently irrevocably delivered by the payee, Mrs. Slaven, to the respondent, C. C. Cottrell. The complaint alleged that the bank, as conservator, had a duty to possess and hold the note and to enforce the same according to the terms thereof for the benefit of Mrs. Slaven; that at the time of the delivery of the note to Cottrell, Mrs. Slaven was mentally incompetent and that such delivery was obtained through the undue influence of the maker, Lola St. John.

The basic facts are not in dispute. After trial, without a jury, the court found that on or about June 25, 1956, Mrs. Slaven loaned $10,000 to Lola St. John, and received a promissory note dated June 25, 1956, secured by a recorded deed of trust to certain real property owned by Miss St. John; that about July 23, 1957, Mrs. Slaven delivered to Cottrell the note, a request for reconveyance of the deed of trust, and an

irrevocable letter of instructions directing cancellation of the note on her death and delivery of the request for reconveyance of the deed of trust to the trustee on her death; that at the time of the delivery of the note and execution of the letter of instruction, Mrs. Slaven was upward of 80 years of age but was mentally competent and capable of handling her business affairs; that these acts were the free and voluntary acts of Mrs. Slaven not procured by or through the undue influence of Lola St. John. These matters are admitted and not in issue on this appeal.

The controversy centers on the court's further findings that the bank did not have a duty to possess and hold the note or enforce it for the estate of the conservatee; that no sums were due, owing and payable to the conservatee on the note; that the bank was not entitled to relief on its complaint; and the judgment duly entered in favor of the respondents, Lola St. John and C. C. Cottrell.[1] The appellant bank contends that the above mentioned findings 8, 9 and 10 are not supported by the evidence; and that the court erred as a matter of law in concluding that no sums are due, owing and payable on the note during the lifetime of Mrs. Slaven. There is no merit in either of these contentions.

There is no question that the relationship of the parties, the circumstances surrounding the delivery of the note and letter to Cottrell and Mrs. Slaven's intent to forgive the indebtedness and make a gift were questions of fact to be passed on by the trial court (*Sullivan* v. *Shea*, 32 Cal. App. 369 [162 P. 925]). The essentials of a valid completed gift of personal property are (1) competency of the donor to contract, (2) a voluntary intent on the part of the donor to make a gift, (3) delivery, either actual or symbolical, (4) acceptance, actual or imputed, (5) complete divestment of all control by the donor, and (6) lack of consideration for the gift (*Connelly* v. *Bank of America*, 138 Cal.App.2d 303 [291 P.2d 501]). It is equally well established that delivery is a question of intent. In some cases, to ascertain the donor's intent, it is necessary to have recourse to his acts and declarations, both before and after his transmission of the documents to a grantee or third party (*Osborn* v. *Osborn*, 42 Cal.2d 358 [267 P.2d 333]).

The burden of proof was on the respondent, Lola

---

[1] The main respondent's brief was filed on behalf of Miss St. John. Respondent Cottrell has indicated in his separate brief that the death of Mrs. Slaven has made all issues moot so far as he is concerned.

St. John, to establish the gift by clear and convincing evidence, which in the opinion of the trial court, as indicated by the judgment rendered by it, she succeeded in doing.

Our only function is to determine whether there is any substantial evidence in support of the findings and judgment (*Connelly* v. *Bank of America, supra*). We think the findings are amply supported by the evidence. The note provided for annual payments of $1,000 principal, and interest of 5 per cent per year, payable quarterly. At the time the bank was appointed conservator in 1958, no payments had been made. The uncontroverted evidence indicated that Mrs. Slaven refused all payments of interest and principal when these were tendered by Miss St. John. On other occasions, Mrs. Slaven informed Miss St. John that she did not want her to pay back the money. The refusal of payments by the payee, coupled with payee's statement that she did not want the payor to pay off the note, is sufficient evidence of a present gift of the note and the indebtedness evidenced thereby to the payor. Mrs. Slaven also attempted to will all of her property to Miss St. John and executed a document to that effect. Cottrell, the attorney who prepared the irrevocable letter of instruction, testified that Mrs. Slaven wanted to forgive the note absolutely, but he advised her against it because of the limited nature of her estate. Appellant, citing *Adams* v. *Merced Stone Co.*, 176 Cal. 415 [178 P. 498, 3 A.L.R. 928], argues that to complete the delivery, the donor had to complete an additional letter of instruction. The Adams case, however, dealt with a chose in action not evidenced by a written instrument and is not here in point.

Appellant further asserts that there can be no "oral forgiveness" or forgiveness by subsequent conduct of the donor of a written obligation and that the effect of the delivery of the note to Cottrell, with the letter of instruction to deliver it to the donee on the death of the donor, was to vest present title in Miss St. John with a life estate reserved to Mrs. Slaven. However, the existing authorities indicate that a gift can be made under the circumstances here present (*Gould* v. *Van Horne*, 43 Cal.App. 145 [187 P. 35]; *Hirst* v. *Hooper* (1946) 186 Md. 18 [45 A.2d 750]; *Yeomans* v. *Williams*, 35 L.J. Ch. 283, 35 Beav. 131, 55 Eng. Reprint Reports, 844). We conclude that the essentials of a completed gift were shown in the instant case.

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.